**E-Filing**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PAMELA BRENNAN, *et al.*, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

CONCORD EFS, INC., *et al.*,

Defendants.

Case No.  C-04-2676 (VRW)

**STIPULATED [~~PROPOSED~~] PROTECTIVE ORDER**

1.    PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation is warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.  The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards

1    that will be applied when a party seeks permission from the court to file material under seal.

2    2.    DEFINITIONS

3    2.1    Party:  any party to this action, including all of its officers, directors,

4    employees, consultants, retained experts, and outside counsel (and their support staff).

5    2.2    Disclosure or Discovery Material:  all items or information, regardless of

6    the medium or manner generated, stored, or maintained (including, among other things,

7    testimony, transcripts, or tangible things) that are produced or generated in disclosures or

8    responses to discovery in this matter.

9    2.3    Confidential Information or Items:  information (regardless of how

10   generated, stored or maintained) or tangible things that qualify for protection under standards

11   developed under F.R.Civ.P. 26(c).

12   2.4    Highly Confidential – Outside Counsel Eyes Only Information or Items:

13   any information or material produced or disclosed in this Litigation that is of a highly

14   competitively sensitive nature to such Party including, but not limited to, information contained in

15   strategic and marketing plans, marketing efforts, licensing or other contractual terms and royalty

16   rates and payment amounts, the disclosure of which to another Party or nonparty would create a

17   substantial risk of serious injury to that party that could not be avoided by less restrictive means.

18   2.5    Receiving Party:  a Party that receives Disclosure or Discovery Material

19   from a Producing Party.

20   2.6    Producing Party:  a Party or non-party that produces Disclosure or

21   Discovery Material in this action.

22   2.7    Designating Party:  a Party or non-party that designates information or

23   items that it produces in disclosures or in responses to discovery as Confidential or Highly

24   Confidential" Outside Counsel Eyes Only.

25   2.8    Protected Material:  any Disclosure or Discovery Material that is

26   designated as Confidential or as Highly Confidential – Outside Counsel Eyes Only.

27   2.9    Outside Counsel:  attorneys who are not employees of a Party but who are

28   retained to represent or advise a Party in this action.

1     2.10    House Counsel:  attorneys who are employees of a Party.

2     2.11    Counsel (without qualifier):  Outside Counsel and House Counsel (as well

3     as their support staffs).

4     2.12    Expert:  a person with specialized knowledge or experience in a matter

5     pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert

6     witness or as a consultant in this action and who is not a current employee of a Party or of a

7     competitor of a Party's and who, at the time of retention, is not anticipated to become an

8     employee of a Party or a competitor of a Party's.  This definition includes a professional jury or

9     trial consultant retained in connection with this litigation.

10     2.13    Professional Vendors:  persons or entities that provide litigation support

11     services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations;

12     organizing, storing, retrieving data in any form or medium; etc.) and their employees and

13     subcontractors.

14     3.     SCOPE

15     The protections conferred by this Stipulation and Order cover not only Protected

16     Material (as defined above), but also any information copied or extracted therefrom, as well as all

17     copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or

18     presentations by parties or counsel to or in court or in other settings that might reveal Protected

19     Material.

20     4.     DURATION

21     Even after the termination of this litigation, the confidentiality obligations imposed

22     by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a

23     court order otherwise directs.

24     5.     DESIGNATING PROTECTED MATERIAL

25     5.1    Exercise of Restraint and Care in Designating Material for Protection.

26     Each Party or non-party that designates information, materials or items for protection under this

27     Order must take care to limit any such designation to specific material that qualifies under the

28     appropriate standards.  A Designating Party must take care to designate for protection only those

1   parts of material, documents, items, or oral or written communications that qualify so that other

2   portions of the material, documents, items, or communications for which protection is not

3   warranted are not swept unjustifiably within the ambit of this Order.

4          Mass, indiscriminate, or routinized designations are prohibited.  Designations that

5   are shown to be clearly unjustified, or to have been made for an improper purpose (*e.g.*, to

6   unnecessarily encumber or retard the case development process, or to impose unnecessary

7   expenses and burdens on other parties), may expose the Designating Party to sanctions.  If it

8   comes to a Party's or a non-party's attention that information or items that it designated for

9   protection do not qualify for protection at all, or do not qualify for the level of protection initially

10  asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the

11  original designation.

12          5.2    Manner and Timing of Designations.  Except as otherwise provided in this

13  Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered,

14  material that qualifies for protection under this Order must be clearly so designated before the

15  material is disclosed or produced.

16          Designation in conformity with this Order requires:

17          (a)    for information in documentary form (apart from transcripts of

18  depositions or other pretrial or trial proceedings), that the Producing Party affix the legend

19  CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY at the

20  top of each page that contains protected material.

21          A Party or non-party that makes original documents or materials available for

22  inspection need not designate them for protection until after the inspecting Party has indicated

23  which material it would like copied and produced.  During the inspection and before the

24  designation, all of the material made available for inspection shall be deemed "HIGHLY

25  CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY."  After the inspecting Party has

26  identified the documents it wants copied and produced, the Producing Party must determine

27  which documents, or portions thereof, qualify for protection under this Order, then, before

28  producing the specified documents, the Producing Party must affix the appropriate legend

1  ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- OUTSIDE COUNSEL EYES ONLY")

2  at the top of each page that contains Protected Material.

3          (b)     Any Party may designate, or counterdesignate with a higher

4  designation, Information produced by any party and/or non-party that contains or is derived from

5  that Party's own protected material. Each Party that designates or counterdesignates Information

6  will be treated as the Designating Party for purposes of this Order.

7          (c)     for testimony given in deposition or in other pretrial or trial

8  proceedings, a Party or non-party may identify on the record before close of the deposition,

9  hearing, or other proceeding, all protected testimony, and further specify any portions of the

10  testimony that qualify as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- OUTSIDE

11  COUNSEL EYES ONLY." In the alternative, a Party or non-party may also designate the

12  transcript (or any portion thereof) as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL --

13  OUTSIDE COUNSEL EYES ONLY" within fifteen (15) calendar days after counsel has received

14  the transcript. All information disclosed during the testimony shall be deemed "HIGHLY

15  CONFIDENTIAL -- OUTSIDE COUNSEL EYES ONLY" until the expiration of that fifteen (15)

16  day period, whether or not any portion of the transcript has been so designated previously.

17        Transcript pages containing Protected Material must be separately bound by the

18  court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or

19  "HIGHLY CONFIDENTIAL --OUTSIDE COUNSEL EYES ONLY," as instructed by the Party

20  or nonparty offering or sponsoring the witness or presenting the testimony.

21          (d)     for information produced in some form other than documentary,

22  and for any other tangible items, that the Producing Party affix in a prominent place on the

23  exterior of the container or containers in which the information or item is stored the legend

24  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- OUTSIDE COUNSEL EYES ONLY."

25       5.3    Inadvertent Failures to Designate. If timely corrected, an inadvertent failure

26  to designate qualified information or items as "CONFIDENTIAL" or "HIGHLY

27  CONFIDENTIAL -- OUTSIDE COUNSEL EYES ONLY" does not, standing alone, waive the

28  Designating Party's right to secure protection under this Order for such material. If material is

1    appropriately designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE

2    COUNSEL EYES ONLY" after the material was initially produced, the Receiving Party, on

3    notification of the designation, must make reasonable efforts to assure that the material is treated

4    in accordance with the provisions of this Order. In that event, the Designating Party shall

5    promptly produce new copies of the material at issue, with the proper designation. Upon

6    receiving those copies, the Receiving Party shall promptly discard any copies that do not include

7    the proper designation.

8            5.4     Inadvertent Production of Privileged Materials. If a party inadvertently

9    produces information that it later discovers, or in good faith later asserts, to be privileged or

10   otherwise protected from disclosure, the production of that information will not be presumed to

11   constitute a waiver of any applicable privileges or other protection. In these circumstances, the

12   producing Party must immediately notify all parties in writing of the inadvertent production and

13   the basis for the privilege or other protection from production, and request in writing the return or

14   confirmed destruction of the privileged or protected information. Within five days of receiving

15   such notification, and in compliance with the Receiving Parties' ethical obligations under the law,

16   all Receiving Parties who have not already reviewed such materials or who have reviewed the

17   materials but do not contest the applicability of the privilege asserted must return or confirm

18   destruction of all such materials, including copies and/or summaries thereof. However, should a

19   Receiving Party contest the applicability of a privilege asserted with respect to an inadvertently

20   produced document which the Receiving Party has already reviewed, the Receiving Party may

21   temporarily retain the document or documents at issue for the sole purpose of contesting the

22   applicability of the privilege asserted. Within two (2) business days of the issuance of a court

23   order deeming the contested documents at issue privileged, however, the Receiving Party must

24   return or confirm destruction of all such materials, including copies and/or summaries thereof.

25           5.5     Preliminary Designation of Documents Produced By Third Parties. In

26   order to provide the parties an adequate opportunity to designate Discovery Materials as

27   "Confidential" or "Highly Confidential – Outside Counsel Eyes Only," all Discovery Materials

28   produced in this case by third parties shall be deemed "Highly Confidential – Outside Counsel

1   Eyes Only," whether or not stamped with that legend, for a period of fifteen (15) days following

2   production.  Furthermore, the inadvertent failure by any party to designate Discovery Materials

3   produced by third parties as "Confidential" or "Highly Confidential – Outside Counsel Eyes

4   Only" within that fifteen (15) day period shall not waive a party's right to later so designate such

5   Discovery Materials with prospective effect, so long as the designation correction is made in a

6   timely fashion, consistent with Paragraph 5.3 of this Order.  If Discovery Materials claimed to be

7   "Confidential" or "Highly Confidential – Outside Counsel Eyes Only" are produced without that

8   designation by a third party, such Discovery Materials and all copies thereof shall be immediately

9   stamped "Confidential" or "Highly Confidential – Outside Counsel Eyes Only," as requested by

10  the Designating Party.  The Receiving Party may challenge the designation of the documents as

11  provided in this Order, but the inadvertent production of Discovery Materials (including, without

12  limitation, testimony) claimed to be "Confidential" or "Highly Confidential – Outside Counsel

13  Eyes Only" without that designation shall not constitute a waiver of confidentiality.

14       6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

15       6.1     Timing of Challenges.  Unless a prompt challenge to a Designating Party's

16  confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary

17  economic burdens, or a later significant disruption or delay of the litigation, a Party does not

18  waive its right to challenge a confidentiality designation by electing not to mount a challenge

19  promptly after the original designation is disclosed.

20       6.2     Meet and Confer.  A Party that elects to initiate a challenge to a

21  Designating Party's confidentiality designation must do so in good faith and must begin the

22  process by conferring directly (in voice to voice dialogue; other forms of communication are not

23  sufficient) with counsel for the Designating Party.  In conferring, the challenging Party must

24  explain the basis for its belief that the confidentiality designation was not proper and must give

25  the Designating Party an opportunity to review the designated material, to reconsider the

26  circumstances, and, if no change in designation is offered, to explain the basis for the chosen

27  designation.  A challenging Party may proceed to the next stage of the challenge process only if it

28  has engaged in this meet and confer process first.

1        6.3   Judicial Intervention. A Party that elects to press a challenge to a

2  confidentiality designation after considering the justification offered by the Designating Party

3  may file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule

4  79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the

5  challenge. Each such motion must be accompanied by a competent declaration that affirms that

6  the movant has complied with the meet and confer requirements imposed in the preceding

7  paragraph and that sets forth with specificity the justification for the confidentiality designation

8  that was given by the Designating Party in the meet and confer dialogue.

9        The burden of persuasion in any such challenge proceeding shall be on the

10  Designating Party. Until the court rules on the challenge, all parties shall continue to afford the

11  material in question the level of protection under the Producing Party's designation.

12      7.   ACCESS TO AND USE OF PROTECTED MATERIAL

13        7.1   Basic Principles. A Receiving Party may use Protected Material that is

14  disclosed or produced by another Party or by a non-party in connection with this case only for

15  prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be

16  disclosed only to the categories of persons and under the conditions described in this Order.

17  When the litigation has been terminated, a Receiving Party must comply with the provisions of

18  section 11, below (FINAL DISPOSITION). Nothing in this Order affects the right of the party or

19  nonparty that produced Discovery Materials to use or disclose such Discovery Materials, or the

20  contents thereof, in any way. Such use or disclosure will not waive the protections of this Order,

21  and shall not entitle any other party, nonparty or their attorneys to use or disclose such Discovery

22  Materials, or the contents thereof, in violation of this Order.

23        Protected Material must be stored and maintained by a Receiving Party at a

24  location and in a secure manner that ensures that access is limited to the persons authorized under

25  this Order. Persons receiving Protected materials must not reveal or discuss that information to or

26  with any person who is not entitled to receive the Protected Material, except as set forth in this

27  Order.

28

1          7.2     Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise

2   ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may

3   disclose any information or item designated CONFIDENTIAL only to:

4          (a)     the Receiving Party's Outside Counsel of record in this action, as

5   well as employees of said Counsel to whom it is reasonably necessary to disclose the information

6   for this litigation;

7          (b)     the officers, directors, and employees (including House Counsel) of

8   the Receiving Party to whom disclosure is reasonably necessary for this litigation only if he or

9   she has agreed in writing by executing the Confidentiality Agreement attached hereto as

10  Appendix A;

11         (c)     experts (as defined in this Order) of the Receiving Party to whom

12  disclosure is reasonably necessary for this litigation only if he or she has agreed in writing by

13  executing the Confidentiality Agreement attached hereto as Appendix A, or on the record during

14  a deposition, to be bound by this Protective Order.  Notwithstanding any provision within this

15  Protective Order, all parties may disclose to their experts information originally within their

16  possession, custody and/or control even if other parties have produced similar information in this

17  litigation and have designated such information "CONFIDENTIAL" or "HIGHLY

18  CONFIDENTIAL -- OUTSIDE COUNSEL EYES ONLY."

19         (d)     the Court and its personnel;

20         (e)     court reporters, their staffs, and professional vendors to whom

21  disclosure is reasonably necessary for this litigation;

22         (f)     during their depositions, witnesses in the action to whom disclosure

23  is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order"

24  (Appendix A).  Pages of transcribed deposition testimony or exhibits to depositions that reveal

25  Protected Material must be separately bound by the court reporter and may not be disclosed to

26  anyone except as permitted under this Stipulated Protective Order.

27         (g)     the author of the document or the original source of the

28  information.

1                (h)     any person who received or was sent the document in the ordinary

2  course of business.

3          7.3     Disclosure of "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL

4  EYES ONLY" Information or Items.  Unless otherwise ordered by the Court or permitted in

5  writing by the Designating Party, a Receiving Party may disclose any information or item

6  designated "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" only to:

7                (a)     the Receiving Party's Outside Counsel of record in this action, as

8  well as employees of said Counsel to whom it is reasonably necessary to disclose the information

9  for this litigation;

10              (b)     Experts (as defined in this Order) to whom disclosure is reasonably

11  necessary for this litigation only if he or she has agreed in writing by executing the

12  Confidentiality Agreement attached hereto as Appendix A, or on the record during a deposition,

13  to be bound by this Protective Order.  Notwithstanding any provision within this Protective

14  Order, all parties may disclose to their experts information originally within their possession,

15  custody and/or control even if other parties have produced similar information in this litigation

16  and have designated such information "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

17  OUTSIDE COUNSEL EYES ONLY";

18              (c)     the Court and its personnel;

19              (d)     court reporters, their staffs, and professional vendors to whom

20  disclosure is reasonably necessary for this litigation; and

21              (e)     the author of the document or the original source of the

22  information.

23              (f)     any person who received or was sent the document in the ordinary
course of business.

24

25      8.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN

26  OTHER LITIGATION

27       If a Receiving Party is served with a subpoena or an order issued in other litigation

28  that would compel disclosure of any information or items designated in this action as

1    "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY,"

2    the Receiving Party must so notify the Designating Party, in writing (by fax, if possible)

3    immediately and in no event more than three court days after receiving the subpoena or order.

4    Such notification must include a copy of the subpoena or court order.

5          The Receiving Party also must immediately inform in writing the Party who

6    caused the subpoena or order to issue in the other litigation that some or all the material covered

7    by the subpoena or order is the subject of this Protective Order.  In addition, the Receiving Party

8    must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action

9    that caused the subpoena or order to issue.

10         The purpose of imposing these duties is to alert the interested parties to the

11   existence of this Protective Order and to afford the Designating Party in this case an opportunity

12   to try to protect its confidentiality interests in the court from which the subpoena or order issued.

13   The Designating Party shall bear the burdens and the expenses of seeking protection in that court

14   of its confidential material – and nothing in these provisions should be construed as authorizing or

15   encouraging a Receiving Party in this action to disobey a lawful directive from another court.

16         9.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

17         If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

18   Protected Material to any person or in any circumstance not authorized under this Stipulated

19   Protective Order, the Receiving Party must immediately (a) notify in writing the Designating

20   Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected

21   Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the

22   terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and

23   Agreement to Be Bound" that is attached hereto as Appendix A.

24         10.   FILING PROTECTED MATERIAL

25         Without written permission from the Designating Party or a court order secured

26   after appropriate notice to all interested persons, a Party may not file in the public record in this

27   action any Protected Material.  A Party that seeks to file under seal any Protected Material must

28   comply with Civil Local Rule 79-5.

11.   FINAL DISPOSITION

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material.  With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

12.   MISCELLANEOUS

12.1   Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future, nor does the Order prevent any party from seeking additional or different protections from the Court with respect to Discovery Materials in this case.

12.2   Right to Assert Other Objections.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

1    IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

2         August 1
     Dated: July __, 2005                    Respectfully submitted,

3
     For Plaintiffs:                          Joseph R. Saveri
4                                             LIEFF, CABRASER, HEIMANN &
                                              BERNSTEIN, LLP
5                                             275 Battery Street, 30th Floor
                                              San Francisco, CA 94111-3339
6                                             (415) 956-1000

7

8                                             By: _____
                                                    Joseph R. Saveri
9

10                                            Merrill G. Davidoff
                                              Bart D. Cohen
11                                            BERGER & MONTAGUE, P.C.
                                              1622 Locust Street
12                                            Philadelphia, PA 19103
                                              (215) 875-3000
13

14
                                              By: _____
15                                                  Merrill G. Davidoff

16

17                                            Joshua P. Davis
                                              LAW OFFICES OF JOSHUA P. DAVIS
18                                            437 Valley Street
                                              San Francisco, CA 94131
19                                            (415) 422-6223

20                                            Mark G. Ayesh
                                              AYES LAW OFFICES
21                                            8100 E. 22nd St. N.
                                              Bldg. 2300, Suite 2
22                                            Wichita, KS 67226
                                              (316) 682-7381

23                                            Michael Brickman
                                              Kim Keevers
24                                            RICHARDSON, PATRICK, WESTBROOK &
                                              BRICKMAN
25                                            174 East Bay Street
                                              Charleston, SC 29402
26                                            (843) 727-6500

27

28

     460937. 1 DOCSSFO-12410424.1-KHANDELMAN 8/1/05 3:06 PM        - 13 -        STIPULATED [PROPOSED] PROTECTIVE ORDER
                                                                                CASE NO. C-04-2676 (VRW)

461596_1.PDF

1

2

3

4

5

6

7    For Defendants:

8    Dated: July 29, 2005

9

10

.11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Anthony J. Bolognese
BOLOGNESE & ASSOCIATES, LLC
One Penn Center
1617 JFK Boulevard, Suite 650
Philadelphia, PA 19103

Attorneys for Individual and Representative
Plaintiffs PAMELA BRENNAN, TERRY
CRAYTON, and DARLA MARTINEZ

MORRISON & FOERSTER LLP

By: _Robert S. Stern_ (BTF)

  Robert S. Stern

Attorneys for Defendant
BANK ONE, N.A., N/K/A
JPMORGAN CHASE BANK, N.A.

*Counsel for Additional Defendants:*

HELLER EHRMAN WHITE &
MCAULIFFE LLP
M. Laurence Popofsky
Stephen V. Bomse
333 Bush Street
San Francisco, California 94104
Telephone: (415) 772-6000
Facsimile: (415) 772-6268

By:_____

  M. Laurence Popofsky

Attorneys for Defendant SUNTRUST BANK

STIPULATED [PROPOSED] PROTECTIVE ORDER
CASE NO. C-04-2676 (VRW)

1

2

3

4

5

6

7   For Defendants:

8   Dated: July ___, 2005

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Anthony J. Bolognese
BOLOGNESE & ASSOCIATES, LLC
One Penn Center
1617 JFK Boulevard, Suite 650
Philadelphia, PA 19103

Attorneys for Individual and Representative
Plaintiffs PAMELA BRENNAN, TERRY
CRAYTON, and DARLA MARTINEZ

MORRISON & FOERSTER LLP


By:_____
          Robert S. Stern

    Attorneys for Defendant
    BANK ONE, N.A., N/K/A
    JPMORGAN CHASE BANK, N.A.


*Counsel for Additional Defendants:*

HELLER EHRMAN WHITE &
MCAULIFFE LLP
M. Laurence Popofsky
Stephen V. Bomse
333 Bush Street
San Francisco, California 94104
Telephone: (415) 772-6000
Facsimile: (415) 772-6268



By: *M Laurence Popfsley /by RLf*
    M. Laurence Popofsky

Attorneys for Defendant SUNTRUST BANK

For Defendants:

Dated: July ___, 2005

MORRISON & FOERSTER LLP

By:_____
       Robert S. Stern

Attorneys for Defendant
BANK ONE, N.A., N/K/A
JPMORGAN CHASE BANK, N.A.

*Counsel for Additional Defendants:*

HELLER EHRMAN WHITE &
MCAULIFFE LLP
M. Laurence Popofsky
Stephen V. Bomse
333 Bush Street
San Francisco, California 94104
Telephone: (415) 772-6000
Facsimile: (415) 772-6268

By:_____
       M. Laurence Popofsky

Attorneys for Defendant SUNTRUST BANK

WEIL, GOTSHAL & MANGES LLP
Steven A. Newborn
James C. Egan, Jr.
Peter D. Isakoff
Carrie M. Anderson
1501 K Street NW
Washington, D.C. 20005
Telephone: (202) 682-7000
Facsimile: (202) 857-0940

By:_____
       James C. Egan, Jr.

Attorneys for Defendant CITIBANK (WEST)

WEIL, GOTSHAL & MANGES LLP
Steven A. Newborn
James C. Egan, Jr.
Peter D. Isakoff
Carrie M. Anderson
1501 K Street NW
Washington, D.C. 20005
Telephone: (202) 682-7000
Facsimile: (202) 857-0940


By: _____
            James C. Egan, Jr.

Attorneys for Defendant CITIBANK (WEST)

Sonya D. Winner
Tara M. Steeley
COVINGTON & BURLING
One Front Street, 35th Floor
San Francisco, CA 94111
Telephone: (415) 591-6000
Facsimile: (415) 591-6091

Stacy L. Bogert
COVINGTON & BURLING
1330 Avenue of the Americas
New York, NY 10019
Telephone: (213) 841-1000
Facsimile: (213) 841-1010


By: _____
            Sonya D. Winner

Attorneys for Defendant BANK OF AMERICA
CORPORATION

Peter E. Moll
Brian Wallach
HOWREY, SIMON, ARNOLD & WHITE LLP
1299 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: (202) 783-0800
Facsimile: (202) 383-6610

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Charles H. Samel
HOWREY, SIMON, ARNOLD & WHITE LLP
550 South Hope Street, Suite 1100
Los Angeles, CA 90071
Telephone: (213) 892-1800
Facsimile: (213) 892-2300


By: _____
          Peter Moll   Brian Wallach

Attorneys for Defendants CONCORD EFS, INC.
and FIRST DATA CORPORATION

Jack R. Nelson
REED SMITH LLP
1999 Harrison Street, Suite 2200
Oakland, CA 94612-3572
Telephone: (510) 763-2000
Facsimile: (510) 273-8832

Michele Floyd
Kirsten J. Handelman
REED SMITH LLP
Two Embarcadero Center, Suite 2000
San Francisco, CA 94111
Telephone: (415) 543-8700
Facsimile: (415) 391-8269


By: _____
          Jack R. Nelson

Attorneys for Defendants WACHOVIA
CORPORATION and WACHOVIA BANK, N.A.

J. Thomas Rosch
Joshua N. Holian
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 1900
San Francisco, CA 94111
Telephone: (415) 391-0600
Facsimile: (415) 395-8095

DOCSSFO-12410424.1-KHANDELMAN 7/28/05 1:30 PM

- 17 -

STIPULATED [PROPOSED] PROTECTIVE ORDER
CASE NO. C-04-2676 (VRW)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Charles H. Samel
HOWREY, SIMON, ARNOLD & WHITE LLP
550 South Hope Street, Suite 1100
Los Angeles, CA 90071
Telephone: (213) 892-1800
Facsimile: (213) 892-2300


By:_____
           Peter Moll

Attorneys for Defendants CONCORD EFS, INC.
and FIRST DATA CORPORATION

Jack R. Nelson
REED SMITH LLP
1999 Harrison Street, Suite 2200
Oakland, CA 94612-3572
Telephone: (510) 763-2000
Facsimile: (510) 273-8832

Michele Floyd
Kirsten J. Handelman
REED SMITH LLP
Two Embarcadero Center, Suite 2000
San Francisco, CA 94111
Telephone: (415) 543-8700
Facsimile: (415) 391-8269


By: *Jack R. Nelson* (KJH)
        Jack R. Nelson

Attorneys for Defendants WACHOVIA
CORPORATION and WACHOVIA BANK, N.A.

J. Thomas Rosch
Joshua N. Holian
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 1900
San Francisco, CA 94111
Telephone: (415) 391-0600
Facsimile: (415) 395-8095

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Donald I. Baker
BAKER & MILLER
2401 Pennsylvania Avenue, N.W., Suite 300
Washington, D.C. 20037
Telephone: (202) 663-7820
Facsimile: (202) 663-7849


By: _Thomas Rosch_ (KJH)
   J. Thomas Rosch

Attorneys for Defendants WELLS FARGO &
CO., WELLS FARGO BANK, N.A. and SERVUS
FINANCIAL CORP.


IT IS SO ORDERED.


Date: ⊱ 4 AUG 2005


Judge Vaughn R. Walker

**APPENDIX A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on _____ in the case of *Brennan et al. V. Concord EFS, Inc., et al.*, Case No. C-04-2676 (VRW). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
        [printed name]

Signature: _____
        [signature]

458561.1