1  Joseph R. Saveri (SBN 130064)
   LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
2  275 Battery Street, 30th Floor
   San Francisco, CA 94111-3339
3  (415) 956-1000

4  Merrill G. Davidoff (Admitted *Pro Hac Vice*)
   Bart D. Cohen (Admitted *Pro Hac Vice*)
5  BERGER & MONTAGUE, P.C.
   1622 Locust Street
6  Philadelphia, PA 19103
   (215) 875-3000
7
   Co-Lead Counsel for Plaintiffs
8

9  [See Signature Page for Names and Address of
   Additional Counsel for Plaintiffs]
10

11                 UNITED STATES DISTRICT COURT

12                 NORTHERN DISTRICT OF CALIFORNIA

13

| 14 | In re ATM FEE ANTITRUST LITIGATION | Master File No. C04-2676 VRW |
|---|---|---|
| | | **CLASS ACTION** |
| 18 | This Document Relates To: | **PLAINTIFFS' SUPPLEMENTAL SUBMISSION IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT** |
| 19 | ALL ACTIONS | |
| 20 | | Date:  August 25, 2005 (continued by order of Court; no date set) |
| 21 | | Time:  2:00 p.m. |
| | | Courtroom: 6 |
| 22 | | The Honorable Vaughn Walker |

23

24      Defendants' responses to Plaintiffs' Requests for Admission by themselves

25 provide a sufficient basis to deny Defendants' Motion for Partial Summary Judgment. Defendants

26 based that Motion on a single factual predicate: On February 1, 2001, the Star network ceased to

27 be a joint venture and, as a result, the network's Interchange Fee came under the unilateral control

28 of a single entity, Concord EFS, Inc. ("Concord"). Concord summarized its argument at the

1   outset of its moving papers, in which the other Defendants joined:

2   > As grounds for its motion, Concord asserts that plaintiffs on the
3   > undisputed facts do not have a horizontal price-fixing claim for the
    > time period February 1, 2001 to the present as a matter of law.
    > **Since February 1, 2001, the Star network has not been operated**
4   > **as a joint venture;** rather, it has been owned and operated by a
    > single entity, Concord. As a result, there has been no arrangement
5   > – let alone a horizontal agreement – regarding the setting of the
    > ATM interchange fee. There has been only independent, unilateral
6   > conduct that is not proscribed by Section 1 of the Sherman Act.

7   Defendant Concord EFS, Inc.'s Notice of Motion and Motion for Partial Summary Judgment;

8   Memorandum of Points and Authorities ("Memorandum") at p. 1, ll. 8-13 (emphasis added); see

9   also id. at p. 10, ll. 6-7 ("Star is no longer a joint venture of banks, as it was prior to February 1,

10  2001.")

11          The day after Concord filed the Memorandum, Plaintiffs served Requests for

12  Admission to confirm the basis of Defendants' motion. Declaration of Joseph R. Saveri Pursuant

13  to Federal Rule of Civil Procedure 56(f) in Opposition to Motion of Defendant Concord EFS

14  Partial Summary Judgment ("Saveri Declaration") at p. 10, ¶ 24; see also Saveri Declaration,

15  Exh. 45. Plaintiffs asked each Defendant to admit that the following statement on page 10 of the

16  Memorandum is true:

17          REQUEST FOR ADMISSION NO. 1:

18          Since February 1, 2001, the Star Network has not been a joint venture.

19  Supplemental Saveri Declaration, Exhibit A, Plaintiffs' First Set of Request for Admissions to

20  Defendant First Data Corporation, Request for Admission No. 1.

21          On August 24, 2005, Defendants served responses in which they refused to admit

22  the very fact on which they had predicated their argument. For example, the Response of

23  Concord and First Data Corporation (collectively "First Data") states:

24   > **Objection:** First Data objects to this request on the ground that the
     > term "joint venture," as used in this request, is vague and
25   > ambiguous. First Data also objects on the ground that this request
     > calls for a legal conclusion.[1]
26  

---

[1] Defendants' objections lack any merit. As to vagueness, Plaintiffs instructed Defendants to use
27  the terms as used by Defendants in their own moving papers. Regarding the distinction between
    fact and law, Concord itself, in its moving papers, characterized as an "undisputed fact" the
28  assertion that "[s]ince February 1, 2001, the Star network has not been operated as a joint

1         **Response:** Subject to and without waiving any objections, First Data admits that on February 1, 2001, the Star network was acquired by Concord EFS, Inc. (which was later acquired by First Data). First Data further admits that since February 1, 2001, the banks that formerly owned the Star network, including the defendants in this case, have had no ownership interest in the Star network.

Defendant First Data Corporations' Responses and Objections to Plaintiffs' First Set of Request for Admissions. Supplemental Declaration of Joseph R. Saveri in Opposition to Motion of Defendant Concord EFS for Partial Summary Judgment, Exh. A. The other Defendants' responses are essentially the same. Id., Exhs. B, C, D, E, F, G and H. Each Defendant has refused to admit that, since February 1, 2001, the Star Network has not been a joint venture. Id., Exhs. A, B, C, D, E, F, G, and H.

        Defendants' violations of the rules of discovery aside, their refusal to admit the very fact upon which they predicated their argument is fatal to their motion. In particular, it is fatal to their effort to establish that there are no disputed facts relevant to summary judgment. Even if the Court were to accept Concord's legal argument (which Plaintiffs contest), Defendants' equivocal responses to the Requests for Admission create a genuine issue of material fact as to whether the Star network remained the subject of agreement or concerted action after February 1, 2001. Because Defendants refused to admit that the Star network ceased to be a joint venture as of February 1, 2001, they have failed to carry their initial burden on summary

///
///
///
///
///
///
///
///

venture." Memorandum, p. 1, ll. 8-10. Further, Rule 36 explicitly permits Requests for Admission that seek the admission not only of facts, and of opinions of fact, but also of "the application of law to fact." Fed. R. Civ. P. 36(a).

1  judgment, and their motion should be denied. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157-
2  61 (1970); Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Companies, Inc., 210 F.3d 1099, 1103-07
3  (9th Cir. 2000).

Dated: September 12, 2005                Respectfully submitted,

Joseph R. Saveri (SBN 130064)
LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339
(415) 956-1000

By: /s/ Joseph R. Saveri
       Joseph R. Saveri

Merrill G. Davidoff
Bart D. Cohen
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
(215) 875-3000


By: /s/ Merrill G. Davidoff by JRS
       Merrill G. Davidoff

Co-Lead Counsel for Plaintiff

Joshua P. Davis (SBN 193254)
LAW OFFICES OF JOSHUA P. DAVIS
437 Valley Street
San Francisco, CA 94131
(415) 422-6223

Mark G. Ayesh
AYESH LAW OFFICES
8100 E. 22nd St. N.
Bldg. 2300, Suite 2
Wichita, KS 67226
(316) 682-7381

| | |
|---|---|
| 1 | Michael Brickman |
| 2 | Kim Keevers |
|   | RICHARDSON, PATRICK, WESTBROOK & |
| 3 | BRICKMAN |
|   | 174 East Bay Street |
|   | Charleston, SC 29401 |
| 7 | Debs B. McIlhenny |
|   | HUTTON & HUTTON, LLC |
| 8 | 8100 E. 22nd St., North Bldg. 1200 |
|   | Wichita, KS 67226 |
| 9 | (316) 688-1166 |
| 10 | |
|   | Joseph C. Kohn |
| 11 | William E. Hoese |
|   | KOHN, SWIFT & GRAF, P.C. |
| 12 | One South Broad Street, Suite 2100 |
|   | Philadelphia, PA 19107 |
| 13 | (215) 238-1700 |
| 14 | |
|   | W. Joseph Bruckner |
| 15 | LOCKRIDGE GRINDAL NAUEN P.L.L.P. |
|   | Suite 2200 |
| 16 | 100 Washington Avenue S. |
|   | Minneapolis, MN 55401 |
| 17 | (612) 339-6900 |
| 18 | |
|   | Daniel E. Gustafson |
| 19 | Karla M. Gluek |
|   | GUSTAFSON GLUEK PLLC |
| 20 | 608 2nd Avenue South |
|   | Minneapolis, MN 55402 |
| 21 | (612) 333-8844 |
| 22 | |
|   | Gretchen M. Nelson (SBN 112566) |
| 23 | KREINDLER & KREINDLER LLP |
|   | 707 Wilshire Boulevard, Suite 5070 |
| 24 | Los Angeles, CA 90017 |
|   | (213) 622-6469 |
| 25 | |
| 26 | Marc S. Moller |
|   | KREINDLER & KREINDLER LLP |
| 27 | 100 Park Avenue |
|   | New York, NY 10017 |
| 28 | (212) 687-8181 |

| | |
|---|---|
| 1 | |
| 2 | George A. Shohet (SBN 112697) |
| | 245 Main Street, Suite 310 |
| | Venice, CA 90291 |
| 3 | (310) 452-3176 |

George A. Shohet (SBN 112697)
245 Main Street, Suite 310
Venice, CA 90291
(310) 452-3176

Joel C. Meredith
Daniel B. Allanoff
MEREDITH COHEN GREENFOGEL & SKIRNICK, P.C.
117 South 17th Street, 22nd Floor
Philadelphia, PA 19103
(215) 564-5182

Anthony J. Bolognese
BOLOGNESE & ASSOCIATES, LLC
One Penn Center
1617 JFK Boulevard, Suite 650
Philadelphia, PA 19103

Attorneys for Individual and Representative Plaintiffs Pamela Brennan, Terry Crayton, and Darla Martinez