LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP

ATTORNEYS AT LAW

JOSEPH R. SAVERI
PARTNER

EMBARCADERO CENTER WEST
275 BATTERY STREET, 30TH FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3339
TELEPHONE: (415) 956-1000
FACSIMILE: (415) 956-1008
mail@lchb.com
www.lchb.com

NEW YORK
WASHINGTON, D.C.
BEVERLY HILLS
NASHVILLE

September 21, 2005

**VIA HAND DELIVERY**

Chief Judge Vaughn R. Walker
United States District Court for the
 Northern District of California
450 Golden Gate Ave., 17th Floor
San Francisco, CA 94102

   Re: *In re ATM Fee Antitrust Litigation*
      C.A. No. 04-2676 (VRW) (N.D. Cal.)

Your Honor:

   We are writing to seek your resolution of a pressing discovery dispute that has substantially brought to a halt Plaintiffs' discovery from Defendant Bank of America Corporation ("BAC").

   Within days after Defendants filed their motion for summary judgment at the commencement of discovery, Plaintiffs propounded requests for production of documents and a request for admission to all named Defendants, including BAC. Plaintiffs also served interrogatories and proposed 30(b)(6) depositions substantially limited to document and electronic data storage and management issues. Plaintiffs have also propounded a second set of document requests focusing primarily on class certification issues.[1]

   BAC takes the position it has no duty to respond on behalf of its wholly-owned subsidiaries, including Bank of America, N.A. ("BANA"), which BAC concedes possess discoverable documents and other information called for in Plaintiffs' outstanding discovery requests. BAC asserts – contrary to settled Ninth Circuit precedent – that it need not include materials from its subsidiaries in its response to Plaintiffs' discovery requests, unless and until they are made parties to the case or are served with a subpoena pursuant to Rule 45. To date, BAC has offered to produce discovery on behalf of BANA only if BANA is made a party to the case or subpoenaed pursuant to Rule 45. BAC has not made even that offer with regard to its

---

[1] If requested by the Court, Plaintiffs will provide the Court with a copy of the discovery, BAC's responses, and the relevant correspondence.

Chief Judge Vaughn R. Walker
September 21, 2005
Page 2

many other commercial bank subsidiaries. In fact, Federal Reserve records (Tab "A") show that BANA is just one of several domestic commercial banks BAC wholly owns.[2]

BAC is wrong about its obligations. In the Ninth Circuit, it is black letter law that "[a] corporation must produce documents possessed by a subsidiary that the parent corporation *owns* or wholly controls." United States. v. International Union of Petroleum and Indus. Workers, AFL-CIO, 870 F.2d 1450, 1452 (9th Cir. 1989) ("IUPIW") (emphasis added); see also In re Citric Acid Litigation, 191 F.3d 1090, 1107 (9th Cir. 1999), cert. denied sub nom., Gangi Bros. Packing Co. v. Cargill, Inc., 529 U.S. 1037 (2000); Nelson v. Capital One Bank, 2001 U.S. Dist. Lexis 23141, at *5-*6 (N.D. Cal., Dec. 17, 2001) (Tab "B"). BAC does not, and cannot, deny that BANA is its wholly-owned subsidiary. Nor does BAC deny BANA possesses discoverable documents and other information called for in Plaintiffs' outstanding discovery requests. Instead, BAC seeks to foreclose this discovery based on its own *ipse dixit* assertion. Indeed, despite Plaintiffs' requests, BAC has failed to put in writing the reasons why it believes the Ninth Circuit law does not apply to it and has ignored Plaintiffs' repeated requests for BAC to provide authority that might provide a justification for its view of the law. In short, BAC evidently believes that it – rather than the Ninth Circuit or Federal Rules – may dictate the circumstances under which its subsidiaries respond to Plaintiffs' discovery requests.

The parties have met and conferred. That effort has been fruitless. Plaintiffs' reward has been that BAC has lagged far behind all of the other Defendants in the discovery process – including certain Defendants who might have raised objections identical to BAC's but have thus far refrained from doing so.

BAC's position is contrary to Ninth Circuit law and is hampering the efficient prosecution of this litigation. Plaintiffs are entitled to discovery from BAC, and its wholly owned subsidiaries, without pursuing any further unnecessary and wasteful procedures. Plaintiffs respectfully request that the Court rule to that effect, and order BAC to provide

---

[2] Significantly, Plaintiffs have propounded specific requests seeking organizational charts or other similar documents that might assist Plaintiffs' understanding of the corporate structure of BAC, including identifying which entities are involved in setting policy or organization regarding ATM transactions, receiving or paying ATM fees or otherwise possessing relevant information. BAC has refused to provide such basic information, thus further hamstringing the Plaintiffs' attempts to obtain discovery. BAC knows its operations better than do Plaintiffs and have apparently tried to exploit this advantage in attempting to limit discovery to BAC and refusing to provide information regarding its subsidiaries and affiliates that possess discoverable information and documents.

Chief Judge Vaughn R. Walker
September 21, 2005
Page 3

supplemental responses to Plaintiffs' outstanding discovery requests on behalf of itself and its subsidiaries within ten days and to produce the called for documents ten days thereafter.

                                  Respectfully submitted,

*/s/ Joseph R. Saveri*                      */s/ Merrill C. Davidoff By JRS*

Joseph R. Saveri                        Merrill C. Davidoff
LIEFF, CABRASER, HEIMANN       Bart D. Cohen
&amp; BERNSTEIN, LLP                 BERGER &amp; MONTAGUE, P.C.

JRS:av
cc:      All counsel of record (via ECF and e-mail) (with attachment)

474491.5

# EXHIBIT A

Hierarchy Report with Commercial Bank Selection Rule for BANK OF AMERICA CORPORATION as of 09/19/2005

| Line # | Name | Direct Parent Line # | City | Location | Type |
|---|---|---|---|---|---|
| 1 | BANK OF AMERICA CORPORATION | | CHARLOTTE | NC | Holding Company |
| 196 |   NB HOLDINGS CORPORATION | | CHARLOTTE | NC | Holding Company |
| 197 |     *BANK OF AMERICA RHODE ISLAND, NATIONAL ASSOCIATION | 196 | PROVIDENCE | RI | Commercial Bank |
| 213 |     *BANK OF AMERICA GEORGIA, NATIONAL ASSOCIATION | 196 | ATLANTA | GA | Commercial Bank |
| 217 |     *BANK OF AMERICA OREGON, NATIONAL ASSOCIATION | 196 | PORTLAND | OR | Commercial Bank |
| 288 |     *BANK OF AMERICA CALIFORNIA, NATIONAL ASSOCIATION | 196 | SAN FRANCISCO | CA | Commercial Bank |
| 321 |     *BANK OF AMERICA, NATIONAL ASSOCIATION (USA) | 196 | PHOENIX | AZ | Commercial Bank |
| 385 |     *BANK OF AMERICA, NATIONAL ASSOCIATION | 196 | CHARLOTTE | NC | Commercial Bank |
| 546 |       GRUPO FINANCIERO BANK OF AMERICA, S.A. DE C.V.** | | MEXICO CITY | MEXICO | Holding Company |
| 941 |       *BANK OF AMERICA MEXICO, S.A., INSTITUCION DE BANCA MULTIPLE, GRUPO FINANCIERO BANK OF AMERICA** | 385 | MEXICO CITY | MEXICO | Commercial Bank |
| 1460 |       *SAVANNAH BANK OF NIGERIA** | 385 | LAGOS | NIGERIA | Commercial Bank |
| 1531 |       BOSTON WORLD HOLDING CORPORATION | | BOSTON | MA | Holding Company |
| 1532 |         *FLEET BANK (EUROPE) LIMITED | 1531 | LONDON | ENGLAND | Commercial Bank |
| 1537 |         *BANKBOSTON, S.A. | 1531 | MEXICO CITY | MEXICO | Commercial Bank |
| 1539 |         *BANKBOSTON BANCO MULTIPLO S.A. | 1531 | SAO PAULO | BRAZIL | Commercial Bank |
| 1542 |         BBLA HOLDING EUROPE S.L. | | MADRID | SPAIN | Holding Company |
| 1543 |           *BANKBOSTON LATINO AMERICANO S.A. | 1542 | LISBON | PORTUGAL | Commercial Bank |
| 1550 |       BOSTON OVERSEAS FINANCIAL CORPORATION | | BOSTON | MA | Edge Corporation |
| 1553 |         POQUONOCK CORPORATION, THE | | BOSTON | MA | Holding Company |
| 1554 |           *BANKBOSTON, S.A.** | 1553 | BOGOTA | COLOMBIA | Commercial Bank |
| 1555 |         MOHAWK CORPORATION, THE | | BOSTON | MA | Holding Company |
| 1556 |           *BANKBOSTON, S.A.** | 1555 | BOGOTA | COLOMBIA | Commercial Bank |
| 1557 |         COTUIT CORPORATION, THE | | BOSTON | MA | Holding Company |
| 1558 |           *BANKBOSTON, S.A.** | 1557 | BOGOTA | COLOMBIA | Commercial Bank |
| 1573 |         *BANKBOSTON, S.A. | 1550 | BOGOTA | COLOMBIA | Commercial Bank |
| 1574 |         *EAGLE INVESTMENTS S.A., THE | 1550 | MONTEVIDEO | URUGUAY | Commercial Bank |
| 1588 |       EAGLE CORPORATION, THE | | BOSTON | MA | Other Company |
| 1593 |         *BANKBOSTON, S.A.** | 1588 | BOGOTA | COLOMBIA | Commercial Bank |
| 1726 |       BANK OF AMERICA BRASIL HOLDINGS LTDA.** | | SAO PAULO | BRAZIL | Holding Company |
| 1729 |       BANKAMERICA INTERNATIONAL FINANCIAL CORPORATION | | SAN FRANCISCO | CA | Edge Corporation |
| 1733 |         GRUPO FINANCIERO BANK OF AMERICA, S.A. DE C.V. | | MEXICO CITY | MEXICO | Holding Company |
| 1735 |         *BANK OF AMERICA MEXICO, S.A., INSTITUCION DE BANCA MULTIPLE, GRUPO FINANCIERO BANK OF AMERICA | 546 | MEXICO CITY | MEXICO | Commercial Bank |
| 1757 |         *BANK OF AMERICA MALAYSIA BERHAD | 1729 | KUALA LUMPUR | MALAYSIA (OTHER) | Commercial Bank |
| 1762 |       BANK OF AMERICA BRASIL HOLDINGS LTDA. | | SAO PAULO | BRAZIL | Holding Company |
| 1763 |         *BANKAMERICA COMERCIAL E PARTICIPACOES S/A | 1726 | SAO PAULO | BRAZIL | Commercial Bank |
| 1769 |       SECURITY PACIFIC HONG KONG HOLDINGS LIMITED | | HONG KONG | HONG KONG | Holding Company |
| 1771 |         *BANK OF AMERICA (ASIA) LIMITED | 1769 | HONG KONG | HONG KONG | Commercial Bank |
| 1773 |           *BANK OF AMERICA (MACAU) LIMITED | 1771 | MACAU | MACAU | Commercial Bank |
| 1803 |       *FIRST NATIONAL BANK IN FALFURRIAS, THE** | 385 | FALFURRIAS | TX | Commercial Bank |

Hierarchy Report with Commercial Bank Selection Rule for BANK OF AMERICA CORPORATION as of 09/19/2005

| Line # | Name | Direct Parent Line # | City | Location | Type |
|---|---|---|---|---|---|
| 1813 | *LAKE-OSCEOLA STATE BANK** | 385 | BALDWIN | MI | Commercial Bank |

Total Number of Institutions: 40

* Institutions Matching Selection Rule

** For purposes of Regulation Y, the top-tier reporter's ownership level in this banking organization does not meet the definition of "control"; however, the ownership level does meet the FR Y-10/10F reportability criteria as this banking relationship is regulated by the Federal Reserve.

# EXHIBIT B

LEXSEE 2001 U.S. DIST. LEXIS 23141

**JAUTASSA NELSON, EVA S. MARTIN, DAWN CIESLIK, and DORIS KOGO, on behalf of themselves and all others similarly situated, Plaintiffs, v. CAPITAL ONE BANK and CAPITAL ONE FINANCIAL CORPORATION, Defendants.**

No. C-01-0079 PJH (EMC)

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

*2001 U.S. Dist. LEXIS 23141*

December 17, 2001, Decided

**DISPOSITION:** [*1] Plaintiffs' Motion to Compel, as to Plaintiffs' First Request for Production of Documents GRANTED IN PART, DENIED IN PART and DEFERRED IN PART. Plaintiffs' Motion to Compel, as to Plaintiffs' Second Request for Production of Document, GRANTED IN PART, DENIED IN PART and DEFERRED IN PART.

**LexisNexis(R) Headnotes**

**COUNSEL:** For JENNIFER GENDEL, JAUTASSA NELSON, EVA S. MARTIN, DAWN CIESLIK, DORIS KOGO, Plaintiffs: Elizabeth J. Cabraser, Kelly M. Dermody, Lori E. Andrus, Lieff Cabraser Heimann & Bernstein LLP, San Francisco, CA.

For JENNIFER GENDEL, JAUTASSA NELSON, Plaintiffs: Keelyn M. Friesen, Jennifer K. Sustacek, Zimmerman Reed, P.L.L.P., Minneapolis, MN.

For JAUTASSA NELSON, EVA S. MARTIN, DAWN CIESLIK, DORIS KOGO, Plaintiffs: Robert S. Green, Green Fauth & Jigarjian, LLP, San Francisco, CA.

For EVA S. MARTIN, DAWN CIESLIK, DORIS KOGO, Plaintiffs: John L. Burris, Reginald Terrell, John L. Burris Law Offices, Richmond, CA.

For EVA S. MARTIN, Plaintiff: Miles Washington, John L. Burris Law Offices, Richmond, CA.

For EVA S. MARTIN, DAWN CIESLIK, DORIS KOGO, Plaintiffs: Eric H. Gibbs, Shelley E. Wharton, Girard Lee & De Bartolomeo, San Francisco, CA.

For [*2] EVA S. MARTIN, Plaintiff: J. Gordon Rudd, Jr., David Cialkowski, Zimmerman Reed, P.L.L.P., Minneapolis, MN.

For EVA S. MARTIN, Plaintiff: Brian J. Robbins, Cauley Geller Bowman & Coates LLP, Artie Baran, Law Offices of Artie Baran, San Diego, CA.

For EVA S. MARTIN, Plaintiff: Scott R. Shepherd, Natalie Finkelman, Shepherd Finkelman & Gaffigan LLC, Media, PA.

For EVA S. MARTIN, DAWN CIESLIK, DORIS KOGO, Plaintiffs: Dennis Stewart, Andrew W. Hutton, Milberg Weiss Bershad Hynes & Lerach LLP, San Diego, CA.

For EVA S. MARTIN, Plaintiff: Robert J. Gralewski, Jr., Milberg Weiss Bershad Hynes & Lerach LLP, San Diego, CA.

For CAPITAL ONE BANK, CAPITAL ONE FINANCIAL CORPORATION, defendants: James F. McCabe, James R. McGuire, Morrison & Foerster LLP, San Francisco, CA.

**JUDGES:** EDWARD M. CHEN, United States Magistrate Judge.

**OPINIONBY:** EDWARD M. CHEN

**OPINION:**

ORDER RE PLAINTIFF'S MOTION TO COMPEL DEFENDANTS TO FURTHER RESPOND TO PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS (No. 115) AND PLAINTIFFS' MOTION TO COMPEL

**DEFENDANTS TO FURTHER RESPOND TO PLAINTIFFS' SECOND REQUEST FOR PRODUCTION OF DOCUMENTS (No. 109)**

Plaintiffs moved to compel defendants Capital One Bank [*3] (hereinafter the "Bank") and Capital One Financial Corporation (hereinafter "COF") to produce responsive documents to Plaintiffs' First Request for Production of Documents. In a second motion, Plaintiffs moved to compel the Bank and COF to produce responsive documents to Plaintiffs' Second Request for Production of Documents.

Having considered the briefs and declarations filed in conjunction with these motions, the record of this case and the argument of counsel at hearing on December 12, 2001, the Court declines to adjudicate the dispute as to discovery which goes to the merits of Plaintiffs' claims. Such discovery is premature as the Second Amended Complaint, anticipated by Plaintiffs, has yet to be filed and because the parties have not filed a discovery plan with the Court as required by *Federal Rule of Civil Procedure 26(f)*. As such, this Court will defer argument on the merits discovery to the Court's first Wednesday law and motion calendar which follows twenty (20) days after Plaintiffs' filing of its Second Amended Complaint. Said hearing will occur at 9:30 a.m. Plaintiffs shall re-notice the hearing. The parties are also directed to meet and confer in person after the filing [*4] of the Second Amended Complaint and file a joint statement outlining merits discovery issues yet to be resolved seven (7) days prior to the aforementioned hearing.

Additionally, the parties will participate in a further discovery status hearing before this Court on January 3, 2001, at 9:30 a.m., to discuss the presentation of a joint discovery plan. The parties will file on or before December 27, 2001, a joint statement describing the joint discovery plan proposed and indicating differences, if any, between the parties. Counsel shall meet and confer in person prior to filing said joint statement.

With respect to the jurisdictional discovery, the Court makes the following findings and determinations:

1. *Federal Rule of Civil Procedure 34* requires a party responding to a request to produce documents which "are in the possession, custody or control of the party upon whom the request is served." "Generally, a party is deemed to have control of documents, only if the party has the legal right to obtain the documents requested upon demand." *Estate of Young Through Young v. Holmes, 134 F.R.D. 291, 294 (D. Nev. 1991)* ("the relationship between the party and the person or [*5] entity having actual possession of the document is central in each case"), citing, *Searock v. Stripling, 736 F.2d 650, 653 (11th Cir. 1984)*; see Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d § 2210. In parent-subsidiary situations, while some courts look to a variety of factors concerning "control," the Ninth Circuit has applied a per se test wherein, "[a] corporation must produce documents possessed by a subsidiary that the parent corporation owns or wholly controls." *United States v. International Union of Petroleum and Industrial Workers, AFL-CIO, 870 F.2d 1450, 1452 (9th Cir. 1989)*; see also *Gerling International Ins. Co. v. Commissioner of Internal Revenue, 839 F.2d 131, 140 (3rd Cir. 1988)*. Defendants cite no controlling cases to the contrary.

It is undisputed that the Bank is a wholly owned subsidiary of COF. Therefore, notwithstanding the Bank's and COF's "General Objection No. 16," the Bank and COF must produce documents responsive to Plaintiffs' sustained Rule 34 requests which are in the possession of either the Bank or COF (as to whomever the request is directed) and any subsidiary that is [*6] owned or wholly controlled by that responding party. Furthermore, the term "your" as used in specific document requests (e.g., Request Nos. 34 and 36 of Plaintiff's First Request) shall be deemed to mean documents belonging to the responding party only, as indicated below.

2. Although Judge Hamilton's September 28, 2001 Order effectively precludes Plaintiffs' theory that this Court possesses general jurisdiction over COF as the alter ego of the Bank, Plaintiffs attempt to establish personal jurisdiction under the separate and distinct theory of agency. n1 Under the agency theory of jurisdiction, Plaintiffs may demonstrate that the Bank functions as COF's representative "in that it performs services that are sufficiently important to [COF] that if it did not have a representative to perform them, COF's own officials would undertake to perform substantially similar services." *Modesto City Schools v. Riso Kagaku Corp., 157 F. Supp. 2d 1128, 1132 (E.D. Cal. 2001)*, quoting, *Doe v. Unocal, 248 F.3d 915, 928 (9th Cir. 2001)* (internal quotations omitted). Stated slightly differently, the issue is whether "the [subsidiary's] presence substitutes for the [*7] presence of the parent." Id. Relevant to this inquiry is, inter alia: COF's level of control over the Bank; the swapping of personnel between COF and the Bank; overlapping directors, officers and employees; percentages of COF's profit moved through the Bank; the importance of the Bank's position in COF's organizational hierarchy; the Bank's marketing of COF's products and services; the extent to which COF was informed of activities undertaken by the Bank; and the relationship between this case alleged to the Bank's activities on behalf of COF. See *157 F. Supp. 2d at 1134-35*. Because its function is to determine whether the subsidiary's contacts may be attributable to the parent, the agency theory may be used to establish either general or specific jurisdiction. See *157 F. Supp. 2d 1128 at 1132*.

n1 As noted at the December 12, 2001 hearing, Judge Hamilton's analysis as to alter ego for purposes of Plaintiffs' Truth in Lending Act Claims is indistinguishable from the alter ego analysis as it relates to personal jurisdiction. Absent a contrary indication from Judge Hamilton, this Court must conclude the alter ego theory of jurisdiction is precluded.

[*8]

While the agency theory does not apply where the holding company's subsidiaries are not agents, but mere investments of the parent, see *Doe, 248 F.3d at 929*, the issue remains as to whether COF is indeed a mere holding company. Plaintiffs are entitled to discovery which is relevant to the nature of the relationship between COF and the Bank.

Accordingly, discovery which could lead to admissible evidence relevant to the agency theory must be permitted.

3. At the December 12, 2001 hearing, Plaintiffs indicated to the Court that in regards to jurisdictional discovery, Plaintiffs sought compliance with eight specific requests for documents. At the close of the hearing, the Court requested Plaintiffs to submit to the Court previous offers made by Plaintiffs to narrow said requests. On December 13, 2001, Plaintiffs submitted a letter narrowing the eight outstanding document requests as discussed, but also included a narrowing of four additional requests, stating that the requests "relate to both jurisdiction and class/merits issues." (Letter from Kelly Dermody of 12/13/01, at 2.) In view of Plaintiffs' representation at the hearing and submission of the matter at the hearing's [*9] conclusion, these four additional requests are deemed untimely as to the jurisdictional matter now before the Court. The Court will address only the requests Plaintiffs indicated at the hearing to be at issue: Plaintiffs' First Request for Production of Documents (Request Nos. 33, 34, 36 and 37) and Plaintiffs' Second Request for Production of Documents (Request Nos. 8, 16, 19 and 21).

At the outset, as noted by the Court at the hearing, the Bank and COF, in response to these requests, offered a number of generalized objections. Generally, the burden is on the party advancing objections "to show that discovery should not be allowed ... [by] clarifying, explaining and supporting its objections." *Cable & Computer Technology, Inc. v. Lockheed Saunders, Inc., 175 F.R.D. 646, 650 (C.D. Cal. 1997)* (citation omitted). "Boilerplate, generalized objections are inadequate and tantamount to not making any objection at all." *Walker v. Lakewood Condominium Owners Assoc., 186 F.R.D. 584, 587 (C.D. Cal. 1999)*. A general statement of undue burden is insufficient. The responding party must explain with specificity the nature and extent of the burden imposed by each [*10] discovery request to which it is objecting. See *Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997)*. In the future, all parties are directed to state and substantiate any objections to discovery requests with specificity.

**REQUEST NO. 33** (as to the Bank only) - All SOLICITATIONS and SCRIPTS that reference [COF].

The Court finds that solicitations and scripts used by the Bank during the class period that reference COF are relevant to Plaintiffs' agency theory and COF's own contacts with California and shall be produced.

**REQUEST NO. 34** (as to the Bank only) - All of YOUR business plans, budgets and related DOCUMENTS that reference potential or actual California business.

Plaintiffs have offered to narrow the request to documents that refer to COF or its officers, directors or offices. Moreover, the request is interpreted to mean the Bank's business plans, etc. As narrowed, the request is reasonable and seeks information relevant to agency. The Bank shall produce documents responsive to this request as so limited.

**REQUEST NO. 36** (as to the Bank and COF) - All of YOUR Board of Director minutes, resolutions and related [*11] DOCUMENTS that reference or refer to business conducted in California.

Plaintiffs have proposed to narrow this request to documents that refer to COF or its officers, directors or offices. Moreover, the request shall be construed to mean the Bank's and COF's Board minutes, etc. As narrowed, the request is reasonable and seeks information relevant to agency and COF's own contacts with California. The Bank shall produce documents responsive to this request as so limited.

**REQUEST NO. 37** (as to the Bank only) - All DOCUMENTS concerning engagement of outside professionals located in California.

Plaintiffs have proposed to narrow this request to documents that refer to COF or its officers, directors or offices. As narrowed, the request is reasonable and seeks information relevant to agency. The Bank shall produce documents responsive to this request as so limited.

**REQUEST NO. 8** (as to COF only) - All DOCUMENTS referencing, indicating, or relating to the percentage of [COF's] revenues that are generate by [the Bank].

The Court finds that the documents sought in this request are relevant to Plaintiffs' theory of agency.

**REQUEST NO. 16** (as to the Bank and [*12] COF) - All DOCUMENTS referencing, referring or pertaining to the identity and/or location of in-house counsel for [the Bank] and [COF].

Plaintiffs have withdrawn this request and will propound interrogatories instead.

**REQUEST NO. 19** (as to COF only) - all minutes, reports, agendas and/or DOCUMENTS of the meetings of the Board of Directors of [COF], and/or any subcommittees thereof, referring, evidencing, reflecting, or pertaining to California businesses, California actual or potential customers, [the Bank's] credit cards, and/or business conducted by [the Bank].

The Court finds the above request to be relevant to Plaintiffs' agency theory and COF's own contacts with California. COF shall produce the above-described documents.

**REQUEST NO. 21** (as to COF and the Bank) - All DOCUMENTS referencing, referring or pertaining to efforts by [the Bank] and [COF] to comply with paragraph 14 of the attached "Standing Order for Civil Practice in cases Assigned for All Purposes to Magistrate Judge Edward M. Chen (5/21/01)."

Absent some indication of an immediate need for the documents requested in connection with jurisdictional discovery, the Court will defer ruling [*13] on this request along with the merits discovery.

**CONCLUSION**

GOOD CAUSE APPEARING IT IS HEREBY ORDERED THAT Plaintiffs' Motion to Compel, as to Plaintiffs' First Request for Production of Documents (Docket No. 115), is GRANTED IN PART, DENIED IN PART and DEFERRED IN PART.

Plaintiffs' Motion to Compel, as to Plaintiffs' Second Request for Production of Documents (Docket No. 109), is GRANTED IN PART, DENIED IN PART and DEFERRED IN PART.

The Bank and COF shall provide responsive documents pursuant to this Order to Plaintiffs by 5:00 p.m., December 28, 2001.

IT IS FURTHER ORDERED THAT the parties shall provide joint statements regarding outstanding discovery and a discovery plan on the dates stated herein.

Dated: December 17, 2001

EDWARD M. CHEN

United States Magistrate Judge