UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAMELA BRENNAN, | No. C 04-2676 VRW (JL) |
| Plaintiff, | |
| v. | **BRIEFING ORDER** |
| CONCORD, EFS, ET AL., | |
| Defendants. _____ / | |

## Introduction

The district court (Chief Judge Vaughn R. Walker) referred this case pursuant to 28 U.S.C. §636(b) and Civil Local Rule 72 for resolution of the parties' discovery dispute regarding Plaintiffs' discovery requests to Defendant Bank of America Corporation ("BAC") for documents and other discovery from non-party Bank of America, N.A. ("BANA").

At the scheduling conference on July 13, 2005, Chief Judge Walker set December 15 as the deadline for filing a motion for class certification or summary judgment in this case and allowed Plaintiffs' discovery to go forward.

## The Parties' Dispute

Plaintiffs propounded requests for production of documents and a request for admissions to all named Defendants, including BAC. Plaintiffs also served interrogatories and proposed 30(b)(6) depositions substantially limited to document and electronic data storage

and management issues. Plaintiffs also propounded a second set of document requests focusing primarily on class certification issues.

BAC takes the position that it has no duty to respond on behalf of what Plaintiffs characterize as its wholly-owned subsidiaries, including BANA, which Plaintiffs believe possess discoverable documents and other information called for in Plaintiffs' outstanding discovery requests. BAC will not respond unless Plaintiffs either issue a subpoena pursuant to FRCP Rule 45 or add BANA as a Defendant.

**Analysis**

This court reviewed the parties' letters to Chief Judge Walker and finds that a critical issue of fact and law is whether BAC has "possession, custody or control" of documents of BANA and that Plaintiffs have the burden of proof to show control. Even if BAC does not have possession or custody of responsive documents, and BANA does, BAC may still have control and therefore be required to respond to Plaintiffs' discovery requests.

Plaintiffs describe BANA as a "wholly-owned subsidiary" of BAC (September 21 letter of Joseph R. Saveri and Merrill C. Davidoff to Chief Judge Walker at page one and September 27 letter of Joseph R. Saveri to Chief Judge Walker at page one). However, Plaintiffs offer no support for this characterization, which Defendants neither admit nor deny. Defendants in fact refer to BAC as a "holding company" and to BANA as "a separate legal entity." ( September 22 letter from Tara Steeley to Chief Judge Walker).

Plaintiffs proffer a Ninth Circuit decision that "[a] corporation must produce documents possessed by a subsidiary that the parent corporation owns or controls." *United States v. International Union of Petroleum and Industrial Workers, AFL-CIO*, 870 F.2d 1450, 1452 (9th Cir. 1989).

This reflects a widely-held opinion among federal courts. As a respected treatise concludes:

> "[t]he courts in all of the cases involving requested documents in possession of a branch or subsidiary corporation which was not a party to the action have held that the documents were within the control of the parent corporation which was a party to the action so as to be subject to production in response to a Rule 34 discovery request ( § 6, infra).

145 A.L.R. Fed. 527 (2004)

For example:

Notwithstanding Swiss penal laws limiting a Swiss holding company's ability to satisfy a production order for bank records of a Swiss banking firm with which it was allegedly substantially identical, and therefore in "control" of, the trial court was justified in issuing a pretrial production order under Rule 34 of the Federal Rules of Civil Procedure in an action by the holding company to recover assets allegedly improperly seized as enemy-owned property under the Trading with the Enemy Act, the Supreme Court held in *Societe Internationale Pour Participations Industrielles Et Commerciales, S. A. v. Rogers*, 357 U.S. 197, 78 S. Ct. 1087, 2 L. Ed. 2d 1255 (1958).

*Id.*

Courts have continued to hold that a parent in responding to a Rule 34 request must produce documents of a wholly-owned subsidiary:

Fed.R.Civ.P. 34(a) requires production of relevant documents within a party's "possession, custody or control," if relevant and not privileged, responsive to another party's request. Documents of a wholly owned subsidiary have been held to be subject to Rule 34 document requests served upon a corporate parent which is a party to the litigation.

*American Rock Salt Co., LLC v. Norfolk Southern Corp.,* 228 F.R.D. 426, *457 (W.D.N.Y.,2004) (internal citations omitted)

Similarly, federal law requires that a parent respond to an interrogatory under FRCP Rule 33 with information from a subsidiary if it has access to that information and of course if the information is relevant and not privileged.

"Rule 33 requires that a corporation furnish such information as is available from the corporation itself or from sources under its control." *Brunswick Corp. v. Suzuki Motor Co., Ltd.,* 96 F.R.D. 684, *686 (D.C.Wis.,1983)(internal citations omitted).

///

**Conclusion**

This court can only conclude that If BANA has possession or custody of discovery responsive to Plaintiffs' requests and if it is a wholly-owned subsidiary of BAC, then BAC necessarily has control of information in BANA's possession or custody and must produce discovery responsive to Plaintiffs' requests.

**Order**

This court orders the parties to brief the issues of both BANA's likelihood of possession and custody of responsive discovery and the corporate relationship of BAC and BANA. Plaintiffs shall file their letter brief first within one week of this order, and Defendants shall respond within one week after Plaintiffs' filing.

IT IS SO ORDERED.

DATED: November 2, 2005

_____
JAMES LARSON
Chief United States Magistrate Judge

G:\JLALL\CHAMBERS\CASES\CIV-REF\04-2676\briefing-ord.wpd