1  Joseph R. Saveri (SBN 130064)
   LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
2  275 Battery Street, 30th Floor
   San Francisco, CA  94111-3339
3  Telephone: (415) 956-1000

4  Merrill G. Davidoff (Admitted *Pro Hac Vice*)
   Bart D. Cohen (Admitted *Pro Hac Vice*)
5  BERGER & MONTAGUE, P.C.
   1622 Locust Street
6  Philadelphia, PA 19103
   Telephone: (215) 875-3000
7
   Co-Lead Counsel for Plaintiffs
8

9                    UNITED STATES DISTRICT COURT

10                   NORTHERN DISTRICT OF CALIFORNIA

11

| 12  In re ATM FEE ANTITRUST LITIGATION | Master File No. C04-2676 VRW |
|---|---|
| 13 | |
| 14 | **CLASS ACTION** |
| 15 | **SUPPLEMENTAL DECLARATION OF JOSEPH R. SAVERI PURSUANT TO** |
| 16  This Document Relates To: | **FEDERAL RULE OF CIVIL PROCEDURE 56(f) IN OPPOSITION TO MOTION OF** |
| 17  ALL ACTIONS | **DEFENDANT CONCORD EFS FOR PARTIAL SUMMARY JUDGMENT** |
| 18 | |
| 19 | Date:       December 8, 2005 |
|    | Time:       2:00 p.m. |
| 20 | Courtroom:  6 |
|    | The Honorable Vaughn Walker |

24          I, Joseph R. Saveri, declare:

25          1.      I am an attorney at law duly admitted to practice before the courts of the

26  State of California.  I am a partner in the law firm of Lieff, Cabraser, Heimann & Bernstein, LLP,

27  Co-Lead Counsel for individual and representative Plaintiffs in this litigation.  I submit this

28  Supplemental Declaration in Opposition to Defendant Concord EFS, Inc.'s ("Concord") Motion

1  for Partial Summary Judgment.  I have personal knowledge of the matters set forth in this

2  Declaration, and if called upon as a witness, could and would testify competently to them.

3     2. On August 4, 2005, I submitted a Declaration pursuant to Federal Rule of

4  Civil Procedure 56(f) in opposition to Concord's motion for partial summary judgment ("Rule

5  56(f) Declaration").  In that Declaration, I asked that this Court to suspend or to deny as

6  premature Concord's motion for partial summary judgment until the completion of all necessary

7  and relevant discovery.  A true and correct copy of Rule 56(f) Declaration is attached as

8  Exhibit 1.

9     3. On August 24, 2005, this Court vacated the August 25, 2005 oral argument

10  set to consider Concord's motion for partial summary judgment. On October 28, 2005, the Court

11  rescheduled that hearing. It is now set for December 8, 2005, at 2:00 p.m.

12     4. This Supplemental Rule 56(f) Declaration updates the Court on the

13  Plaintiffs attempts to obtain discovery since the Court's August 24 ruling and the submission of

14  the first Rule 56(f) Declaration.  Despite the postponement of the summary judgment hearing, the

15  Plaintiffs have yet to receive meaningful discovery from the Defendants.

16     5. On the day after I submitted the First 56(f) Declaration, August 5, 2005,

17  co-lead counsel Bart D. Cohen received a letter from Defendant Bank of America Corporation

18  ("BofA"), arguing that our complaint named the wrong Bank of America entity.  A true and

19  correct copy of this letter is attached as Exhibit 2.  Despite controlling Ninth Circuit authority,

20  stating that all discoverable information within the control of a corporation's majority-owned

21  subsidiaries is within the control of the corporation itself, see United States v. International Union

22  of Petroleum and Industrial Workers, AFL-CIO, 870 F.2d 1450, 1452 (9th Cir. 1989), BofA has

23  refused to produce relevant documents held by its majority-owned subsidiaries.  This court

24  directed the parties to Chief Magistrate Judge James Larson on October 27, 2005, pursuant to

25  28 U.S.C. § 636(b) and Civil Local Rule 72.  On November 2, 2005, Judge Larson concluded that

26  the law requires BofA to respond to Plaintiffs' discovery requests for BofA wholly-owned

27  subsidiaries and requested additionally briefing on the issue of BofA ownership of Bank of

28  America, N.A.  In a letter brief to Judge Larson, dated November 9, 2005, Plaintiffs provided

facts demonstrating that Bank of America, N.A. is, indeed, a wholly owned subsidiary of BofA. See attached Exhibit 3. BofA nonetheless continues to resist production. See attached Exhibit 4. This discovery dispute remains pending before Chief Magistrate Judge James Larson.

6. On August 12, 2005, I wrote to Defendants in hopes of speeding discovery. A true and correct copy of this letter is attached as Exhibit 5. I noted that the Defendants' responses to Plaintiffs' documents requests were due on August 22, 2005, but that we had yet to receive any information concerning what each Defendant intended to produce, when and where they intended to produce it, and the anticipated volume of the production. I asked the Defendants to work with Plaintiffs' counsel to produce the documents in electronic format.

7. Plaintiffs' counsel began to receive, in late August, Defendants' responses to Plaintiffs' first set of document requests, served on the Defendants on July 22, 2005. The chart sets forth the date on which Defendants provide their responses.

| Party | Date of Receipt |
| --- | --- |
| Concord/EFS/First Data ("Concord") | October 3, 2005 |
| Bank of America Corporation ("BofA") | August 30, 2005 |
| Bank One, N.A. ("Bank One") | August 24, 2005 |
| Citibank (West), FSB ("Citibank") | August 24, 2005 |
| Suntrust Banks ("Suntrust") | October 3, 2005 |
| Wells Fargo Co., Wells Fargo Bank, N.A. and Servus Financial Corp. (collectively "Wells Fargo") | August 25, 2005 |
| Wachovia Corporation ("Wachovia") | September 2, 2005 |

As indicated, the Plaintiffs did not receive all of the Defendants' responses until October 3, 2005. The Defendants did not produce any documents with their responses.

1  8. Likewise, from late August through early September, responses to
2  Plaintiffs' first set of interrogatories, served on the Defendants on July 22, 2005, trickled in on the
3  schedule set forth below.

| Party | Date of Receipt |
|---|---|
| Concord | August 29, 2005 |
| BofA | August 26, 2005 |
| Bank One | August 22, 2005 |
| Citibank | September 6, 2005 |
| Suntrust | September 9, 2005 |
| Wells Fargo | September 9, 2005 |
| Wachovia | September 2, 2005 |

Some responsive information was provided. The responses also included a number of boilerplate objections and improper refusals to provide information, requiring still more negotiations.

9. As previously submitted to this Court, the Defendants responded to Plaintiffs' first request for admission on or about August 24, 2005, regarding their contention that, as of February 1, 2001, Star was no longer a joint venture. See Supplemental Declaration of Joseph R. Saveri in Opposition to Motion of Defendant Concord EFS For Partial Summary Judgment, filed September 12, 2005. Previously, Defendants had sought to dismiss Plaintiffs' complaint based on the assertion that Star was a joint venture. Through their Request for Admission, Plaintiffs sought to confirm Defendants' new assertion that Star was not a joint venture after February 1, 2001, thus eliminating Defendants' chief defense for the majority of the damage period. Defendants provided inappropriately vague responses.

10. On September 5, 2005, or September 6, 2005, Plaintiffs' counsel sent Defendants' counsel requests to meet and confer on the responses to Plaintiffs' First Set of Requests for Production of Documents and Plaintiffs' First Set of Requests for Admissions.

1    11.    Plaintiffs have also noticed depositions pursuant to Federal Rule of Civil
2    Procedure 30(b)(6).

| Party | Date Deposition Noticed |
|---|---|
| Concord | September 16, 2005 |
| Bank One | September 23, 2005 |
| Citibank | July 22, 2005 |
| Suntrust | July 22, 2005 |
| Wells Fargo (Servus) | July 22, 2005 |
| Wells Fargo (Wells Fargo) | October 27, 2005 |
| Wachovia | July 22, 2005 |

12.    To date, only Concord has produced a witness.  After months of negotiations, only Bank One has agreed to provide a date for a deposition, which is currently set for December 13, 2003. Wells Fargo has unilaterally postponed the deposition and has failed to provide a new date.  Defendant First Data has refused to reschedule the second half of the Rule 30(b)(6) deposition, which was suspended only because Plaintiffs' attorney who was prepared to complete it had to leave the deposition to attend to a medical emergency.

1      13.    Plaintiffs have served subpoenas on third parties as set forth below.

| Third Party | Date Served |
|---|---|
| Electronic Funds Transfer Association | October 5, 2005 |
| First Annapolis | October 6, 2005 |
| Applied Management) | October 6, 2005 |
| Carmody & Bloom | October 6, 2005 |
| Dove Consulting | October 11, 2005 |
| US PIRG | October 11, 2005 (This subpoena was later withdrawn.) |
| Independent Community Banker's Association | October 12, 2005 |
| Speer & Associates | October 14, 2005 |
| American Bankers Association | October 17, 2005 |
| NETS, Inc | October 17, 2005 |
| Goldman & Sachs Co. Inc. | October 18, 2005 |
| NYCE Corporation | October 18, 2005 |
| Merrill Lynch & Co., Inc | October 18, 2005 |
| Pulse EFT Association | October 18, 2005 |
| JP Morgan Securities, Inc. | October 20, 2005 |
| William Blair & Co. | October 21, 2005 |

14.    Plaintiffs' counsel have begun the meet and confer process for each third party. JP Morgan originally had agreed to produce certain responsive documents following communication with the Defendants. Following communication with Defendants' counsel, JP Morgan reversed its position and now has taken the position that it objects to the subpoena in total on the grounds that Plaintiffs should obtain the materials from Defendants. Defendants have not produced any of the material sought from JP Morgan. So far, only one third party has agreed to produce documents (Independent Community Banker's Association).

487608.6            - 6 -           DECLARATION OF JOSEPH R. SAVERI PURSUANT TO F.R.C.P. 56(F) CASE NO. C04-2676 VRW

15. In late September and early October, the Defendants responded to Plaintiffs' second set of document requests, propounded on the Defendants on August 17, 2005 as follows.

| Party | Date of Receipt |
|---|---|
| Concord | September 26, 2005 |
| BofA | September 26, 2005 |
| Bank One | October 3, 2005 |
| Citibank | September 26, 2005 |
| Suntrust | October 3, 2005 |
| Wells Fargo | September 26, 2005 |
| Wachovia | September 26, 2005 |

The Defendants did not produce any documents with their responses. The process of negotiating an order to obtain compliance with the requests is continuing. In fact, for some, like Bank of America, whose failures to comply are already subject of proceedings before the Court, such negotiations have not yet begun.

16. On September 21, 2005, I wrote to the counsel for Defendant Bank One in hopes of speeding discovery. A true and correct copy of this letter is attached as Exhibit 6. Bank One responded to our letter on October 13, 2005. In my letter to Bank One, I explained (1) that the refusal to admit or deny that it was a part of a joint venture is baseless and evasive given that we took the sentence from the motion for partial summary judgment; (2) that we noticed a 30(b)(6) deposition and requested a time before September 30, 2005, but Bank One had yet to propose deposition dates; (3) that Bank One's refusal to admit that it had placed a litigation hold on document destruction was distressing; (4) that Bank One's scope of search for documents was too narrow and contrary to law; (5) that Bank One needed interrogatory answers to be more responsive; and (6) that Bank One needed to respond more fully to our requests for documents. A true and correct copy of its response is attached as Exhibit 7.

17. On September 26, 2005, I wrote to the counsel for Defendant SunTrust in hopes of speeding discovery, outlining concerns similar to those in my September 21, 2005 letter to Bank One. A true and correct copy of this letter is attached as Exhibit 8. To date, I have received no response.

18. On September 28, 2005, I wrote to the counsel for Defendant Wells Fargo in hopes of speeding discovery, outlining concerns similar to those in my September 21, 2005, letter to Bank One. A true and correct copy of this letter is attached as Exhibit 9.

19. On October 4, 2005, Plaintiffs responded to Defendants first set of requests for production of documents. A true and correct copy of the response is attached as Exhibit 10. These requests were served on the Plaintiffs on September 1, 2005. A true and correct copy of this request is attached as Exhibit 11.

20. On October 6, 2005, Plaintiffs propounded their second set of requests for admission to the Defendants, a true and correct copy of which is attached as Exhibit 12. True and correct copies of these responses, dated November 8, 2005, are attached as Exhibits 13-21. Defendants have now admitted that, after February 1, 2001, Star was no longer a joint venture, thus eliminating their major plausible legal defense in the case.

21. On November 10, 2005, Defendant Wells Fargo sent 2,704 pages of material to Plaintiffs. These documents consisted entirely of Wells Fargo's 10-K Annual Reports and Form 10-Q Quarterly Reports filed with the Securities and Exchange Commission ("SEC"). A true and correct copy of the transmittal letter is attached as Exhibit 22. On November 10, 2005, Defendant Bank of America sent 3,532 pages of material to Plaintiffs. These documents consisted almost entirely Bank of America's 10-K Annual Reports and Form 10-Q Quarterly Reports filed with the SEC. On November 10, 2005, Defendant Citibank sent 659 pages of material to Plaintiffs. These documents consisted of client manual accounts, several in Spanish, and personal deposit accounts disclosures. On November 11, 2005, Defendant Bank One sent 1,604 documents to Plaintiffs. These documents consisted entirely of account rules and regulations sent to their customers. Although these documents were sent to the Defendant's customers, Bank One marked these documents as Confidential. Although Plaintiffs finally

487608.6 - 8 - DECLARATION OF JOSEPH R. SAVERI
PURSUANT TO F.R.C.P. 56(F)
CASE NO. C04-2676 VRW

1  received some limited discovery, the Defendants productions came just as the parties were
2  agreeing on the production of documents in electronic format.  I responded in a letter to Wells
3  Fargo's attorneys, dated November 11, 2005, a true and correct copy of which is attached as
4  Exhibit 23.  Today, on November 22, 2005, Plaintiffs received a number of additional documents
5  from First Data.  Plaintiffs have not yet had the opportunity to review them.

6        22.     Plaintiffs' and Defendants' counsel have reached a tentative agreement on
7  electronic discovery of the requested documents.  A true and correct copy of a letter outlining the
8  basics of this agreement is attached as Exhibit 24.  Plaintiffs and Defendants are continuing to
9  address all unresolved issues.  Plaintiffs anticipate the first production of significant quantities of
10 documents will begin on or about December 7, 2005.  Plaintiffs have not been provided an
11 estimate of the amount of materials to be produced or a schedule for completing production.

12       23.     As noted in the first Rule 56 Declaration, in its present form and filed prior
13 to any significant discovery, Concord's motion for partial summary judgment could not be more
14 premature.  Plaintiffs have barely had an opportunity to develop any factual or evidentiary record
15 prior to the August 4, 2005 date by which their opposition to the motion was due.  Plaintiffs have
16 not been afforded any opportunity to conduct the necessary discovery, including with respect to
17 the issues of fact raised by Concord's motion.  Without a complete factual record, Plaintiffs are
18 hampered in their ability to respond factually to the arguments made by Concord in its motion.
19 See Burlington Northern Santa Fe R.R. Co. v. Assiniboine and Sioux Tribes, 323 F.3d 767, 773
20 (9th Cir. 2003) ("Where . . . a summary judgment motion is filed so early in the litigation, before
21 a party has had any realistic opportunity to pursue discovery relating to its theory of the case,
22 district courts should grant any Rule 56(f) motion fairly freely.")

23       24.     Plaintiffs believe that the factual record, once created, will establish, at the
24 very least, genuine issues of material fact concerning the nature, scope, terms and duration of the
25 alleged price fixing conspiracy, including whether or not since February 1, 2001 Defendant
26 Concord has engaged in unilateral, independent conduct in setting the amount of the Star
27 network's interchange fee.  Plaintiffs believe that, once developed, the factual record will show
28 that there are genuine issues of material fact demonstrating, among other things, that:

1  (1) Concord participated in perpetuating the pre-existing price-fixing conspiracy that it does not
2  contest existed prior to July 1, 2001; (2) there was never a cessation of the conspiracy to fix the
3  price of the interchange fee; and (3) the Bank Defendants influenced the amount of the
4  intercharge fee.

5       25.   As noted in the first Rule 56(f) Declaration, Plaintiffs believe that, once
6  developed, the factual record will establish or create genuine issues of material fact showing that:
7       a.   the Bank Defendants were members of the Star network;
8       b.   the Bank Defendants actively participated in the boards and/or
9  committees of the Star network and/or Star Systems, Inc., which continued after Concord's
10 acquisition of the Star network;
11      c.   Defendants agreed to fix the interchange fee;
12      d.   the Bank Defendants exercised control over the amount or existence
13 of a fixed interchange fee;
14      e.   the Bank Defendants communicated about the interchange fee;
15      f.   the conspiracy to fix the Star network's interchange fee began prior
16 to Concord's acquisition of the Star network and continued thereafter;
17      g.   after being acquired by Concord, the Star network continued to
18 assess the previously agreed upon fixed interchange fee and therefore, Concord participated in
19 perpetuating the pre-existing price-fixing conspiracy;
20      h.   Concord conspired with the Bank Defendants;
21      i.   there was never a cessation of the pre-existing conspiracy to fix the
22 price of the interchange fee; and
23      j.   the Star network's interchange fee were paid by card issuing banks
24 to the ATM owner, with the Star network acting merely as a conduit or intermediary for the
25 exchange of the interchange fee.
26      26.  As described more fully above, to date, Plaintiffs have received no
27 significant discovery from the Defendants despite Plaintiffs' diligent efforts to promptly seek
28 discovery. In particular, Plaintiffs have not yet had an adequate opportunity to review documents

1  (including, for example, memoranda, letters or e-mail messages) that might reveal a formal or
2  informal agreement or understanding among some or all of Defendants regarding the amount of
3  the interchange fee or regarding continuation of the pre-existing price-fixing agreement.  Nor
4  have Plaintiffs had the opportunity, after reviewing those documents, to depose employees of
5  Defendants or other witnesses regarding the existence of such an agreement or understanding
6  among some or all of Defendants.

7        27.     Although the Court has the authority to entertain a summary judgment
8  motion at any stage of the litigation, in order to obtain relevant discovery Concord's motion
9  should be denied, or at least deferred until the close of discovery.  Concord's motion attempts to
10 determine key issues of fact in this case concerning the nature, scope, terms and duration of the
11 conspiracy prior to any discovery.  The mere fact that Concord may have had legal authority to
12 set the price of the interchange fee is not dispositive as to the issue of when, if at all, the price-
13 fixing conspiracy formally ceased.  Discovery is necessary to establish that, even after Concord
14 allegedly acquired legal authority to unilaterally set the price of the interchange fee, it
15 nevertheless perpetuated or otherwise participated in the price-fixing conspiracy.  The nature of
16 this discovery is substantially similar, if not identical, to the proof that Plaintiffs will undertake to
17 adduce to confirm the allegations in the First Amended Complaint, including proof of the nature,
18 scope and effect of the duration of the over-arching price-fixing conspiracy.  Furthermore,
19 discovery from Concord's co-conspirators will be necessary to ensure that Plaintiffs are afforded
20 the opportunities mandated by Rule 56(f) to uncover evidence necessary to oppose Concord's
21 motion.  It is more efficient and consistent with basic principles of judicial economy to conduct
22 full merits discovery, prior to resolving the issues Concord raises in its premature summary
23 judgment motion.

24     I declare, under penalty of perjury, that the foregoing is true and that this
25 Declaration is executed at San Francisco, California on November 22, 2005.

26
27                                /s/ Joseph R. Saveri
                                  Joseph R. Saveri
28