**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

In Re ATM FEE ANTITRUST                          No. C 04-2676 VRW (JL)

LITIGATION

_____/

                                                **DISCOVERY ORDER**

This Document Relates To:                   Granting Docket # 200

ALL ACTIONS

## Introduction

The district court (Chief Judge Vaughn R. Walker) referred this case pursuant to 28

U.S.C. §636(b) and Civil Local Rule 72 for resolution of a discovery dispute between

Plaintiffs and Defendant Bank of America Corporation ("BAC"). This Court issued an order for

further briefing and the parties complied. The matter was submitted without oral argument as

provided by Civil Local Rule 7-6.

Plaintiffs' motion for partial summary judgment and class certification is on for hearing

December 8, 2005 before Chief Judge Walker.

## Plaintiffs propounded discovery

Plaintiffs propounded requests for production of documents and a request for

admissions to all named defendants, including BAC. Plaintiffs also propounded a second set

of document requests focusing primarily on class certification issues. Plaintiffs also served

**United States District Court**

For the Northern District of California

1 interrogatories and proposed 30(b)(6) depositions substantially limited to document and

2 electronic data storage and management issues.

3 **Defense counsel objected and the parties met and conferred**

4 The parties exchanged letters and e-mails. Defense counsel requested an extension of

5 time to respond to Plaintiffs' discovery requests, which Plaintiffs granted. The parties debated

6 whether Plaintiffs should subpoena non-party Bank of America, N.A. ("BANA") as provided by

7 FRCP Rule 45 or amend their complaint to add BANA as a party (Plaintiffs' Request for

8 Judicial Notice at Ex. A, September 15, 2005 letter from Tara Steeley to Bart Cohen). BAC

9 would not guarantee a response from BANA unless Plaintiffs added BANA as a party.

10 (Steeley Declaration in support of BAC's November 16, 2005 letter brief at Exs. C & D)

11 BAC also objected to providing discovery from any of its other subsidiaries on the

12 grounds that this would "impose substantial and completely unnecessary burdens on BAC."

13 (Defendant's November 16, 2005 letter brief at page 4)

14 The Court finds that the parties satisfied the requirements of Civil Local Rule 37 to

15 meet and confer to attempt to resolve their dispute.

16 **Legal Analysis and Conclusion**

17 **BAC's subsidiaries are wholly-owned and possess discoverable information**

18 BAC argues that it has no duty to respond on behalf of its wholly-owned subsidiaries,

19 including BANA, although Defendants concede BANA possesses responsive documents and

20 other information called for in Plaintiffs' discovery requests. There is no dispute that BAC

21 wholly owns BANA and that BANA possesses discoverable documents. (Plaintiffs' Request

22 for Judicial Notice at Ex. B, Bank of America 2004 Annual report, describing BANA as "a

23 wholly owned subsidiary of the Corporation" (BAC)) *See also Id.* at Ex. D , 10-K form to

24 Securities and Exchange Commission: BAC "owns" BANA; November 18, 2005 letter brief of

25 Paul A. Moore III at Ex. A - BAC003520 (organizational chart).

26 BAC believes that "BANA is the entity that would be expected to have information

27 potentially relevant to this litigation." (Steeley declaration in support of BAC's November 16,

28 2005 letter brief at Ex. E). In its initial disclosures BAC provided "the following list of names

1    and contact information of current employees of Bank of America Corporation and affiliated

2    entities who are likely to have non-privileged information relevant to disputed facts pleaded

3    with particularity in the pleadings . . ." The list included five employees of BANA, two in

4    Charlotte, North Carolina, two in St. Louis, Missouri and one in Jonesborough, Tennessee.

5    BAC also listed seven categories of relevant documents, all located at BANA's offices in

6    Charlotte, North Carolina. (Ex. A to Steeley Declaration in Support of BAC letter brief of

7    November 16, 2005)

8         With respect to its other subsidiary banks, BAC concedes that "certain of its affiliates

9    may have possession, custody or control of potentially relevant documents." *Id.*

10    **BAC has legal control of its subsidiaries and of documents in their possession**

11         Rule 26, Federal Rules of Civil Procedure, permits a party to discover relevant non-

12    privileged information from another party. Rule 34 provides that in response to a request for

13    production of documents a party produce any relevant documents in its possession custody *or*

14    control. (Emphasis added)

15         BAC concedes that its wholly-owned subsidiary BANA and "certain of its other

16    affiliates" have possession and custody of responsive documents. However BAC claims it has

17    no control over those documents and that to obtain them Plaintiffs must either subpoena them

18    from BANA as provided by FRCP Rule 45 or add BANA as a party and propound its requests

19    to BANA directly. Defendants characterize BAC as a "holding company" and BANA as "a

20    separate legal entity." ( September 22 letter from Tara Steeley to Chief Judge Walker).

21         Plaintiffs rely on a Ninth Circuit decision that "[a] corporation must produce documents

22    possessed by a subsidiary that the parent corporation owns or controls." *United States v.*

23    *International Union of Petroleum and Industrial Workers, AFL-CIO*, 870 F.2d 1450, 1452

24    (9th Cir. 1989). The Ninth Circuit stated this in dictum but in dictum  that is cited by numerous

25    courts throughout the United States for the same proposition, that for purposes of compliance

26

27

28

**United States District Court**
For the Northern District of California

United States District Court

For the Northern District of California

1    with Rule 34, a parent company has control of documents in the custody and possession of its

2    wholly owned subsidiary. [1]

3         *See also In re Citric Acid Litigation*, 191 F.3d 1090 (9th Cir. 1999) (court affirmed the

4    "legal control" test as the standard for a parent's obligation to produce documents in the

5    possession and custody of its subsidiary)("Even if *International Union* does not conclusively

6    settle the question, we conclude--consistently with all of our sister circuits who have addressed

7    the issue--that the legal control test is the proper standard under Rule 45. *See Cochran*

8    *Consulting, Inc. v. Uwatec USA, Inc.*, 102 F.3d 1224, 1229-30 (Fed.Cir.1996); *In re Bankers*

9    *Trust Co.*, 61 F.3d 465, 469 (6th Cir.1995); *Chaveriat v. Williams Pipe Line Co.*, 11 F.3d

10   1420, 1426 (7th Cir.1993); *Gerling Int'l Ins. Co. v. Commissioner*, 839 F.2d 131, 140-41 (3d

11   Cir.1988); *Searock v. Stripling*, 736 F.2d 650, 653 (11th Cir.1984)." *Id.* at 1107-1108. Courts

12   apply the legal control test to requests for documents under both Rule 34 and Rule 45. "A rule

13   45 subpoena, as well as a rule 34 document request, may reach only those documents within

14   the possession, custody or control of the subpoenaed person. See 5A Moore's Federal

15   Practice, P 45.05(2) at 45-32 n.6a (1979)." *U.S. v. International Business Machines Corp.*

16   477 F.Supp. 698, 698 -699 (D.C.N.Y., 1979)

17        The Ninth Circuit in both *International Petroleum* and in the *Citric Acid* case reiterated

18   the law as reflected in other rulings throughout the U.S.  See, e.g. *Hubbard v. Rubbermaid,*

19   *Inc.*, 78 F.R.D. 631 (D.Md.1978) (stating that the nonparty status of wholly owned subsidiaries

20   does not shield their documents from production, since the crucial factor is that the documents

21   must be in the custody, or under the control of, a party to the case); *In re Investigation of*

22   *World Arrangements, Etc.*, 13 F.R.D. 280 (D.D.C.1952) (holding that corporation has control

23   over subsidiary and must produce subpoenaed documents); *see also Advance Labor*

24

---

25   [1] "This statement was dictum because, as in *Citric Acid,* the parties in *Petroleum & Indus.*
     *Workers*--an international union and its locals--were not so related, nor were other grounds
26   identified for concluding that control existed. See 870 F.2d at 1452-53.*" Dietrich v. Bauer* 198
     F.R.D. 397, 401, fn 4 (S.D.N.Y. 2001)

27

28

**United States District Court**

For the Northern District of California

1   *Service, Inc. v. Hartford Acc. & Indem. Co. 60* F.R.D. 632 (N.D.Ill.1973) (corporation required

2   to produce books and records of sister corporation with same directors and shareholders),

3   *cited in International Union of Petroleum and Indus. Workers,* 870 F.2d at 1452.

4         BAC acknowledges the principle of legal control by a parent corporation of its

5   subsidiaries but rejects its application to itself as a bank holding company. To the contrary, by

6   federal statute, a bank holding company necessarily controls its subsidiary banks.

7         "Except as provided below, 'bank holding company' means any company which has

8   *control* over any bank or over any company that is or becomes a bank holding company by

9   virtue of the Bank Holding Company Act." 12 U.S.C.A. §1841(a)(1) (Emphasis added)

10        Therefore, if BANA or any other wholly-owned subsidiary bank of BAC has possession

11  and custody of documents responsive to Plaintiffs' requests, then BAC has legal control of the

12  documents through its control of the subsidiary bank and must produce any which are

13  responsive to Plaintiffs' Rule 34 requests.

14        Similarly, federal law requires that a parent respond to an interrogatory under FRCP

15  Rule 33 with information from a subsidiary if it has access to that information and if the

16  information is relevant and not privileged. "Rule 33 requires that a corporation furnish such

17  information as is available from the corporation itself or from sources under its control."

18  *Brunswick Corp. v. Suzuki Motor Co., Ltd.,* 96 F.R.D. 684, 686 (D.C.Wis.,1983)(internal

19  citations omitted).

20        Finally, this Court finds that BAC fails to support its claim of burden, making only a

21  blanket objection without specifics sufficient to justify denying discovery. The objecting party

22  has the burden to substantiate its objections. *Peat, Marwick, Mitchell & Co. v. West*, 748 F.2d

23  540 (10th Cir.1984), cert. dismissed, 469 U.S. 1199 (1985). The litany of overly burdensome,

24  oppressive, and irrelevant does not alone constitute a successful objection to a discovery

25  request. *Employers Commercial Union Insurance Company of America, et. al.*, 1993 WL

26  210012 (D.Kan.1993); *Roesberg v. Johns-Manville Corp.*, 85 F.R.D. 292 (E.D.Pa.1980).

27                                    **Order**

28

**United States District Court**

For the Northern District of California

1    For all the above reasons, Plaintiffs' motion to compel Bank of America Corporation to

2  respond to discovery requests is granted, with respect to Bank of America Corporation and

3  its wholly owned subsidiaries including but not limited to Bank of America, N.A. Compliance is

4  due within twenty days of the e-filing of this order.

5    IT IS SO ORDERED.

6  DATED: December 5, 2005

7

8  _____
   JAMES LARSON
   United States Chief Magistrate Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28