IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE ATM FEE ANTITRUST LITIGATION, _____/ | No. C 04-02676 CRB<br><br>**ORDER RE: MOTION FOR PARTIAL SUMMARY JUDGMENT** |
| This Document Relates To:<br><br>ALL ACTIONS<br>_____/ | |

  In this nationwide putative class action, plaintiffs allege that the defendant banks have engaged in horizontal price fixing illegal *per se* under section 1 of the Sherman Antitrust Act, 15 U.S.C. section 1. First Amended Complaint ¶ 1. Plaintiffs contend that during the four-year class period, defendants and their co-conspirators collectively owned and/or operated the Star Automated Teller Machine network (the "Star network") and agreed among themselves to fix the price defendants charge for "Foreign ATM Transactions." Id. ¶ 75. A "Foreign ATM Transaction" is a cash withdrawal in which an ATM cardholder uses an ATM owned by an entity other than his or her own bank; for example, when a Bank of America customer uses a Wells Fargo ATM. In particular, plaintiffs challenge the "Interchange Fee" the customer's bank pays to the ATM owner for its customer's use of the ATM. Id. ¶ 39.

  Now pending before the Court is defendants' motion for partial summary judgment. On February 1, 2001, six months after the commencement of the class period, defendant

Concord EFS, Inc. ("Concord") purchased the Star network from its shareholders (made up of banks and credit unions). <u>Id.</u> ¶ 63. Defendants allege that since that time Concord has owned 100% of the Star network and that Concord alone has unilaterally set the price for the Interchange Fee. In other words, they contend that as of the date of the sale there was no horizontal price fixing as a matter of law. If defendants are correct, the scope of this action will be much smaller than as currently pled.

In response to defendants' motion, plaintiffs assert, among other things, that they have not had sufficient opportunity to take discovery to test defendants' contention. They have filed a motion to compel discovery related to defendants' summary judgment motion, as well as to their claims as a whole, that is scheduled for hearing before Magistrate Judge Larson on May 24, 2006.

The Court has reviewed the parties' original motion papers, its supplemental memoranda, and plaintiffs' motion to compel and concludes that a continuance of the summary judgment motion is warranted; however, in the meantime all discovery other than discovery related to the pending motion for summary judgment is STAYED. Magistrate Judge Larson shall consider plaintiffs' motion to compel only with respect to discovery related to the pending motion.

Defendants' summary judgment motion is continued to September 15, 2006 at 10:00 a.m. Plaintiffs shall file their opposition on or before August 4, 2006, and the reply shall be filed by August 25, 2006. In light of this schedule, the case management conference scheduled for June 9, 2006 is VACATED.

**IT IS SO ORDERED.**

Dated: April 11, 2006

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE