SONYA D. WINNER (SBN 200348)
TARA M. STEELEY (SBN 231775)
COVINGTON & BURLING
One Front Street, 35th Floor
San Francisco, CA 94111
Telephone: (415) 591-6000
Facsimile:  (415) 955-6558
E-mail:  swinner@cov.com

Attorneys for Defendant BANK OF
AMERICA CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re ATM FEE ANTITRUST LITIGATION<br><br>―――――――――――――――――――<br><br>This Document Relates To:<br><br>All Actions | Master File No. C04-2676 CRB<br><br>**CLASS ACTION**<br><br>**DECLARATION OF TARA M. STEELEY ON BEHALF OF BANK OF AMERICA CORPORATION IN SUPPORT OF OPPOSITION TO MOTION TO COMPEL**<br><br>Date:     March 24, 2006<br>Time:    9:30 a.m.<br>Judge:   Chief Magistrate Judge Larson |

I, Tara M. Steeley, declare:

I am an attorney with the law firm of Covington & Burling, counsel of record for Defendant Bank of America Corporation (hereinafter "BAC") in this action. I am licensed to practice law in the State of California, and am a member of the Bar of this Court. The matters set forth herein are true and correct of my own personal knowledge, and, if called as a witness, I could and would testify competently thereto.

1. Contrary to the assertions made in plaintiffs' motion to compel, BAC has

**DECLARATION OF TARA M. STEELEY IN SUPPORT
OF BANK OF AMERICA CORPORATION'S
OPPOSITION TO MOTION TO COMPEL
CASE NO.: C04-2676 CRB**

1  produced documents in response to plaintiffs' discovery requests.  Moreover, although BAC had
2  been ready to produce additional documents for months, it had not done prior to Judge Breyer's
3  stay order solely at the instruction of plaintiffs' counsel, who had declined to accept any further
4  production from BAC until they pinned down the precise cost of production.  Plaintiffs did not
5  even respond to letters that I sent seeking to resolve this issue for over two months.  Nor have
6  plaintiffs made any meaningful effort to complete the meet-and-confer process with BAC on the
7  substance of plaintiffs' requests.

## Plaintiffs' Discovery Requests and BAC's Responses

9        2.     Plaintiffs served their First Set of Interrogatories on July 18, 2005, and
10 their First Set of Requests for Production of Documents on July 22, 2005.  Since at least the
11 time the parties filed their Joint Case Management Statement on June 28, 2005, Plaintiffs had
12 known that Concord EFS, Inc. ("Concord") intended to file a motion for summary judgment on
13 the ground that it unilaterally set interchange fees after it acquired the Star network.
14 Nonetheless, none of plaintiffs' interrogatories and few of plaintiffs' initial document requests
15 had any relevance to Concord's motion.

16       3.     While BAC was preparing responses to plaintiffs' First Set of
17 Interrogatories and their First Set of Requests for Production of Documents, plaintiffs served
18 their Second Set of Requests for Production of Documents on August 17, 2005.  Like their
19 Interrogatories and First Set of Requests for Production of Documents, plaintiffs' Second Set of
20 Requests for Production of Documents did not target discovery at issues relevant to Concord's
21 motion.  Rather, plaintiffs' Second Set of Requests for Production of Documents asked the bank
22 defendants to produce documents in response to 118 separate requests, most of which were not
23 relevant to Concord's motion.

24       4.     BAC timely served responses to plaintiffs' First Set of Interrogatories on
25 August 26, 2005, to plaintiffs' First Set of Requests for Production of Documents on August 30,
26 2006, and to plaintiffs' Second Set of Requests for Production of Documents on September 26,
27 2005.

**Dispute Concerning Documents in the Possession of BANA**

5. Bart Cohen, an attorney representing plaintiffs in this action, and I met and conferred by telephone concerning plaintiffs' interrogatories and First Set of Requests for Production of Documents on September 9, 2005. During that telephone call, Mr. Cohen and I discussed BAC's objection to plaintiffs' demand that BAC produce documents within the control of Bank of America, N.A. ("BANA"), a separate legal entity that plaintiffs have not sued in this litigation. I explained to Mr. Cohen that BANA -- not BAC -- is the entity likely to have the vast majority of the documents and information that plaintiffs sought in their discovery requests. Thus, discovery would proceed more efficiently and quickly if plaintiffs sought that information from BANA directly. To prevent any further delays, I offered to respond to any discovery requests propounded to BANA on an expedited basis and to work with Mr. Cohen to ensure that discovery from BANA would proceed as efficiently as possible.

6. Despite my offer, which would have allowed plaintiffs to receive responsive information from BANA without unnecessary delays, on September 21, 2005, plaintiffs sent a letter to Judge Walker asserting that a conflict had arisen between BAC and plaintiffs concerning whether BAC was required to produce documents in BANA's possession. On October 27, 2005, Judge Walker referred that dispute to Chief Magistrate Judge Larson for resolution.

7. After receiving briefing from the parties, Magistrate Judge Larson on December 5, 2005, ordered BAC to respond promptly to discovery requests on behalf of BANA. In full compliance with that order, BAC served amended responses to plaintiffs' First Set of Requests for Production of Documents, plaintiffs' Second Set of Requests for Production of Documents, and plaintiffs' First Set of Interrogatories on December 27, 2005.

**BAC's First Production of Documents**

8. While plaintiffs' motion to compel was pending, BAC gathered and produced documents within its possession that were responsive to plaintiffs' requests. On November 10, 2005, BAC served its first production of documents on plaintiffs. That production was made in paper form. Attached as Exhibit A is a true and correct copy of the

DECLARATION OF TARA M. STEELEY IN SUPPORT
OF BANK OF AMERICA CORPORATION'S
OPPOSITION TO MOTION TO COMPEL
CASE NO.: C04-2676 CRB

3

1  letter that I sent to plaintiffs' counsel in connection with BAC's first production of documents
2  on November 10, 2005.
3              9.      It is my understanding that the other defendants to this action also
4  produced documents in paper form.  After receipt of the productions in paper by BAC and the
5  other defendants, plaintiffs' counsel complained about the paper format of the produced
6  documents and refused to pay the costs associated with those productions.  I understood from
7  those communications that plaintiffs only wanted to receive discovery in electronic form in the
8  future.
9              10.     Plaintiffs' complaints and refusal to pay for BAC's document production
10 were unfounded, given that BAC had been precluded from producing documents in electronic
11 form at that time solely because of plaintiffs' delays in reaching an agreement with BAC on that
12 issue.  Although BAC had been willing and able to produce documents in electronic form for
13 months prior to November 10, 2005, its production was delayed by plaintiffs' failure to
14 negotiate with defendants to reach a reasonable agreement on the sharing of production costs
15 and the format for the production of documents.  At or around the beginning of September 2005,
16 defendants requested a joint cost-sharing proposal from plaintiffs to address the costs of
17 producing documents in electronic form.  Plaintiffs did not present a joint cost-sharing
18 agreement to defendants until October 6, 2005.  Although that proposal was both unreasonable
19 on its face and inconsistent in important respects with previous discussions among the parties,
20 defendants continued to negotiate with plaintiffs and ultimately reached a cost-sharing
21 agreement in early December 2005.

**Plaintiffs' Further Instructions to BAC Not to Produce Documents.**

23             11.     Pursuant to the cost-sharing agreement reached in December 2005,
24 plaintiffs asked BAC and each of the other defendants to notify plaintiffs of their production
25 costs before producing documents.  In December 2005, I attempted to determine BAC's actual
26 per-page costs for producing documents in this action.
27             12.     After exchanging voicemail messages with Bart Cohen during the first
28 week of January 2006, I informed Mr. Cohen on January 10, 2006, that I was unable to disclose

DECLARATION OF TARA M. STEELEY IN SUPPORT         4
OF BANK OF AMERICA CORPORATION'S
OPPOSITION TO MOTION TO COMPEL
CASE NO.: C04-2676 CRB

1  BAC's exact cost for producing documents because BAC has proprietary and confidential
2  agreements with vendors that prevent the disclosure of that information.  So as not to delay
3  BAC's production of documents, I offered to produce documents immediately and to bill
4  plaintiffs for half the cost of that production, once the actual production cost was determined.
5  Mr. Cohen declined that offer and instructed me not to produce documents until plaintiffs and
6  BAC could work out an agreement on the cost of production.

7       13.   On January 18, 2006, Mr. Cohen suggested that BAC charge plaintiffs for
8  document productions at a rate equal to the lowest rate that plaintiffs are being charged by any
9  other defendant to this action.  I informed Mr. Cohen that BAC would consider that offer, once
10 plaintiffs informed us of the lowest document production rate that they are being charged by any
11 defendant to this action.

12      14.   On January 23, 2006, I received an email from Mr. Cohen stating that the
13 lowest per page rate that plaintiffs are being charged by any defendant to this action for
14 document productions was the amount charged by Wachovia, which he represented to be 13
15 cents per page.  In a letter dated February 1, 2006, I responded to Mr. Cohen and stated that my
16 client would consider plaintiffs' offer of January 18, 2006.  I also informed Mr. Cohen that BAC
17 intended to produce numerous categories of documents immediately, once BAC and plaintiffs
18 had reached an agreement on the cost of production.   Attached as Exhibit B is a true and correct
19 copy of the letter I sent to Bart Cohen on February 1, 2006.

20      15.   After I sent my February 1, 2006 letter to Mr. Cohen, I learned from
21 Wachovia's counsel that Wachovia's rate was not 13 cents per page, as Mr. Cohen had
22 represented to me.  In a letter dated February 3, 2006, I informed Cohen of the discrepancy.  I
23 also reminded him that BAC could not decide whether to accept plaintiffs' proposed approach
24 until he informed me of the pertinent amount.  I also stated, "assuming you still want BAC to
25 hold off on producing documents until we reach an agreement on this issue, please provide that
26 information soon so that my client can begin producing documents in electronic form."
27 Attached as Exhibit C is a true and correct copy of my February 3, 2006 letter.

28      16.   Neither Bart Cohen nor any other of plaintiffs' counsel responded to my

DECLARATION OF TARA M. STEELEY IN SUPPORT         5
OF BANK OF AMERICA CORPORATION'S
OPPOSITION TO MOTION TO COMPEL
CASE NO.: C04-2676 CRB

1   letters of February 1, 2006, or February 3, 2006, until April 17, 2006, nearly three weeks after

2   plaintiffs filed their motion to compel against BAC and other defendants.  Plaintiffs did not

3   inform the Court in their motion to compel that BAC had been holding back on producing

4   further documents in electronic form *at plaintiffs request*, even though those documents were

5   prepared for production months ago.

**Plaintiffs' Lack of Diligence in the Meet-and-Confer Process.**

7   17.   As discussed above, I first met and conferred with plaintiffs' counsel on
8   September 9, 2005 concerning BAC's responses to plaintiffs' Interrogatories and First Set of
9   Requests for Production of Documents.  Plaintiffs' counsel sent a follow-up letter to me on
10  September 13, 2005, and I replied on September 15, 2005.  Thereafter, plaintiffs filed their
11  motion to compel (discussed above) and did not pursue any meet-and-confer discussions with
12  BAC on any other issues until January 2006.

13  18.   In mid January 2006, I met and conferred with Bart Cohen by telephone
14  concerning the amended responses that BAC had served on December 27, 2005.  During our last
15  discussion on January 27, 2006, Mr. Cohen stated that he would send me a letter detailing
16  plaintiffs' positions on each of their document requests within a week or shortly thereafter.  No
17  such letter was sent, however.  I did not have any other conversations or dealings with plaintiffs'
18  counsel on this matter until April 17, 2006, when I finally received a letter addressing some of
19  the requests in plaintiffs First Set of Requests for Production of Documents.  I still have not
20  received any letter addressing plaintiffs' second set of requests.

21  19.   Because plaintiffs have not completed the meet-and-confer process with
22  BAC, BAC's ability to identify and produce responsive documents has been delayed
23  substantially.

**Discovery Relating to Concord's Summary Judgment Motion.**

25  20.   Plaintiffs also have not finished the meet and confer process with Bank of
26  America concerning what documents plaintiffs need to oppose Concord's pending summary
27  judgment motion.  Following the Court's order of April 10, 2006, I received a letter from
28  plaintiffs on April 14, 2006, regarding the scope of discovery relating to Concord's summary

DECLARATION OF TARA M. STEELEY IN SUPPORT          6
OF BANK OF AMERICA CORPORATION'S
OPPOSITION TO MOTION TO COMPEL
CASE NO.: C04-2676 CRB

1   judgment motion.  A true and correct copy of that letter is attached hereto as Exhibit D.

2              21.    Bart Cohen and I met and conferred on April 18, 2006, concerning the
3   scope of plaintiffs' April 14th letter.  During that call, I inquired whether plaintiffs' reference to
4   "interchange fees" or "Star fees" were limited to ATM fees or whether plaintiffs also sought
5   documents concerning point of sale ("POS") fees.  Bart Cohen informed me that plaintiffs only
6   sought ATM fees.  I confirmed this understanding in my April 24, 2006, letter to Mr. Cohen.  A
7   true and correct copy of that letter is attached hereto as Exhibit E.

8              22.    During our call, Bart Cohen and I discussed the scope of request No. 10
9   in plaintiffs' April 14th letter.  I explained that BAC was concerned that "discussions and/or
10  consideration by any Bank Defendants regarding Star's interchange fees" could include
11  numerous documents that merely mention the fee but have nothing to do with BAC's ability to
12  control or influence the amount of the fee.   Mr. Cohen agreed during the call that such
13  documents were outside the scope of the discovery Judge Breyer has allowed.  He informed me
14  that he would discuss with plaintiffs' counsel an appropriate way to limit this request.  I was
15  then surprised to receive Mr. Cohen's April 20th letter, in which he refused to limit the request
16  and asserted, without explanation, that "*any* internal deliberations, discussions, and/or
17  consideration by [BAC] regarding Star's interchange fees would constitute meaningful
18  circumstantial evidence regarding the issues raised by Defendants' pending summary judgment
19  motion."  In my letter, dated April 24, 2006, I asked Mr. Cohen to explain why he refused to
20  limit this request.  In addition, I asked Mr. Cohen to explain why BAC's agreement to produce
21  documents reflecting internal deliberations, discussions, and/or consideration relating to BAC's
22  influence over or ability to control Star's ATM interchange fees was not sufficient.  I was and
23  remain willing to reconsider BAC's position and work with plaintiffs to find a mutually
24  agreeable scope for request No. 10.  However, because plaintiffs have refused to clarify that
25  they are not seeking every shred of paper that mentions the Star ATM interchange fee, plaintiffs
26  have prevented us from reaching a mutually agreeable compromise with respect to request No.
27  10.

28             23.    With respect to request No. 13, Mr. Cohen stated in his April 20, 2006,

1  letter that plaintiffs sought documents pertaining to BAC's decision to leave, join, or remain in
2  the Star network that relate, in whole or in part, to the amount of, revenue from, or control of,
3  foreign ATM transaction fees.  In my response, dated April 24, 2006, I informed Mr. Cohen that
4  I did not understand why any decision to leave, join, or remain in the Star network based on the
5  amount of ATM interchange fees or the revenue derived from those fees would be relevant to
6  the pending motion.  As a reasonable compromise, BAC has agreed to produce documents
7  pertaining to any decision by BAC to leave, join, or remain in the Star ATM network for
8  reasons that relate either to Star's governance or to BAC's ability to influence pricing of the Star
9  ATM interchange fee.

10       24.  Plaintiffs have failed to finish the meet and confer process concerning the
11  time frame for BAC's document production.  The pending motion for summary judgment
12  asserts that, as of February 1, 2001, the Star network has unilaterally set the ATM interchange
13  fee and therefore there has been no horizontal price fixing as a matter of law since that time.[1]
14  Mr. Cohen stated in his April 20, 2006, letter to me that plaintiffs are entitled to discovery
15  regarding the governance of the network for a "meaningful period" before February 1, 2001.
16  Although BAC disputes plaintiffs' assertion that activities prior to February 1, 2001, are
17  relevant to the pending motion, BAC offered to produce documents going back to January 1,
18  2000 -- over a year prior to the merger -- to satisfy plaintiffs' concerns.  Plaintiffs never
19  responded to this compromise offer and have never explained to BAC why they need documents
20  prior to January 1, 2000, to oppose the pending summary judgment motion.

21       25.  Plaintiffs' lack of diligence in pursuing discovery from, or meeting and
22  conferring with, BAC may stem from the fact that BAC was not on the Star Systems Advisory
23  Board after Concord acquired Star.  Numerous documents that already have been produced in
24  this litigation demonstrate that neither BAC nor any of its affiliates has had a position on Star's
25  Advisory Board since Concord acquired the Star network in 2001.  This may explain why
26  plaintiffs have only sporadically pursued any discovery at all from BAC, and prevented BAC

---

[1] Of course, defendants do not concede that there was a horizontal price fixing conspiracy prior to February 1, 2001, but that issue is outside the scope of the pending motion.

DECLARATION OF TARA M. STEELEY IN SUPPORT    8
OF BANK OF AMERICA CORPORATION'S
OPPOSITION TO MOTION TO COMPEL
CASE NO.: C04-2676 CRB

1  from producing any further documents for nearly three months.

2        26.    Nonetheless, despite plaintiffs' delays, BAC produced nearly 3,000 pages
3  of documents on May 3, 2006, all of which are responsive to the requests made in plaintiffs'
4  April 14th letter.  BAC will continue to produce documents relevant to the summary judgment
5  motion as quickly as possible and currently expects to complete its production well in advance
6  of the hearing on the motion for summary judgment.

7        I declare under the penalty of perjury that the foregoing is true and correct.
8        Executed in San Francisco, California on May 3, 2006.

10        _____/s/_____
11        TARA M. STEELEY

**DECLARATION OF TARA M. STEELEY IN SUPPORT
OF BANK OF AMERICA CORPORATION'S
OPPOSITION TO MOTION TO COMPEL
CASE NO.: C04-2676 CRB**    9