UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re ATM FEE ANTITRUST LITIGATION _____/ | No. C 04-2676 CRB (JL) |
| This Document Relates to ALL ACTIONS_____ _____/ | **ORDER FOR IN CAMERA REVIEW** |

### Introduction

All discovery in this case has been referred by the district court (Hon. Charles R. Breyer) as provided by 28 U.S.C. §636(b) and Civil Local Rule 72. The Court received a letter from the parties regarding a discovery dispute. The letter was not e-filed in the Court's docket.

### Discovery Dispute

Concord claims it inadvertently produced to Plaintiffs three documents (six documents which are actually two copies of each of three documents) which are subject to the attorney-client privilege. Plaintiffs dispute this contention. There is a stipulated protective order in place in this case, which provides that an inadvertent production of documents does not waive any privilege. Concord is prepared to offer sworn declarations from the attorneys involved that the documents contain legal advice and are properly

protected by attorney-client privilege. Concord will agree to in camera review and will provide declarations prior to or concurrent with such review.

The first document is a 1999 memo from Baker & Mckenzie to Star's marketing advisory group regarding compliance with antitrust laws. Plaintiffs dispute the claim of privilege on the basis that it is a "compendium of policies and rules," not subject to the attorney-client privilege. In re Sulfuric Acid Antitrust Litigation, 2006 WL 991039 at *14 (N.D.Ill.)

The second document is a January 2001 memo from Star's outside counsel, David Clanton, of Baker & McKenzie, to Star's senior executives, providing legal advice concerning the Government's approval of Concord's acquisition of Star. It states on the front page, with emphasis "Attorney-Client Privileged and Confidential."

The third document contains a single paragraph titled "Offline Legal Meeting." Defendants contend it contains legal advice provided by Concord's outside antitrust counsel to guide Star staff in making pricing and routing decisions. See Upjohn, 449 U.S. at 392-393.

Plaintiffs dispute that the documents contain legal advice, and contend that Concord has waived privilege by producing the documents multiple times, but are willing to agree to an in camera review of the documents, to which Defendants do not object.

**Order**

This Court hereby orders that Defendants forthwith submit the documents at issue to the Court for in camera review, along with all supporting declarations, and that the joint statement be e-filed in the Court's docket.

IT IS SO ORDERED.

DATED: July 24, 2006

_____
JAMES LARSON
Chief Magistrate Judge