Joseph R. Saveri (SBN 130064)
Brendan P. Glackin (SBN 199643)
Andrew S Kingsdale (SBN 255669)
LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Telephone:  (415) 956-1000
Facsimile:  (415) 956-1008

Merrill G. Davidoff (Admitted *Pro Hac Vice*)
Bart D. Cohen (Admitted *Pro Hac Vice*)
Michael J. Kane (Admitted *Pro Hac Vice*)
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
Telephone:  (215) 875-3000

*Co-Lead Counsel for Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re ATM FEE ANTITRUST LITIGATION | Master File No. C04-2676 CRB |
| | **CLASS ACTION** |
| This Document Relates To: ALL ACTIONS | **PLAINTIFFS' MOTION TO SHORTEN TIME RE MOTION TO COMPEL DEPOSITION OF MARY KIM SAWICKI; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| | Judge:       Hon. Charles R. Breyer<br>Courtroom:  8, 19th Floor |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Plaintiffs hereby move to shorten time for Defendants Concord, EFS, Inc. and First Data Corporation (collectively "Star") to oppose, and for the Court to decide, Plaintiffs' Motion to Compel the Deposition of Mary Kim Sawicki or, in the Alternative, to Strike Her Declaration

1  (the "Motion").  Having tried but failed to reach agreement with Star on a schedule to resolve the
2  parties' dispute on an expedited basis, Plaintiffs now move the Court to order Star to oppose the
3  motion (in six pages) within two business days of the Court's granting of the instant motion.
4  Plaintiffs will submit a reply of no more than three pages the following day.  This motion to
5  shorten time is based on the following memorandum of points and authorities and the Declaration
6  of Brendan Glackin in Support of Plaintiffs' Motion to Shorten Time to Respond to Plaintiffs'
7  Fifth Set of Requests for Production of Documents ("Glackin Decl."), Dkt. No. 686.

## I.   LEGAL AUTHORITY

Northern District of California Civil Local Rule 6-3 permits a court to order a shortened time for the briefing and hearing of a motion "where the moving party sets forth with particularity the reasons for the shortened time and identifies the substantial harm or prejudice that would occur without the change in time."  *Multiven, Inc. v. Cisco Sys.*, No. C08-05391 JW (HRL), 2010 U.S. Dist. LEXIS 61756, at *6 (N.D. Cal. May 27, 2010); Civil L. R. 6-3(a)(1)-(6).

## II.  ARGUMENT

Plaintiffs' request to shorten time meets each requirement of Civil L. R. 6-3(a).

### A.  The Deposition Sought by Plaintiffs Is Necessary To Fully Respond To The Pending Motion for Summary Judgment.

Civil Local Rule 6-3(a)(1) first requires the moving party to "[s]et[] forth with particularity, the reasons for the requested . . . shortening of time."  On June 21, 2010, the Court ordered Defendants to file a motion for summary judgment on the issue of Plaintiffs' standing under *Illinois Brick Co. v. Illinois*, 431 U.S. 720 (1977).  Dkt. No. 658.  The Court further ordered Defendants to identify evidence supporting their claim that some Star members consistently pay out more in interchange fees than they receive "and explain why these direct purchasers do not fall within the recognized exceptions to the *Illinois Brick* rule."  *Id.*  Defendants filed their motion on July 23, 2010.  Dkt. No. 674.  Plaintiffs now must respond by August 20, 2010.

Defendants have based their motion primarily on the declaration of a Star employee, Mary Kim Sawicki ("Sawicki Declaration").  Dkt. No. 675.  This declaration recites

1  conclusions based largely on data or documents never produced to Plaintiffs.  It selectively

2  summarizes data from the years 2008-2010, and then summarily claims that data to be

3  "representative of the basic composition of the network before that time period, including at least

4  back to the year 2000."  Sawicki Decl., ¶21.

5        Plaintiffs cannot fully respond to these factual assertions without deposing Ms.

6  Sawicki.  Plaintiffs therefore cannot establish whether there exists a "genuine issue as to any

7  material fact" with respect to the factual assertions of the motion.  Fed. R. Civ. P. 56(c)(2).

8  Without this deposition, Plaintiffs also cannot confirm the potential spoliation of pre-2008 data,

9  which would be an additional ground to oppose the motion for summary judgment.

10      **B.**    **Plaintiffs Have Tried To Obtain A Stipulation To Shorten Time.**

11        Plaintiffs have met-and-conferred with Star several times to attempt to obtain this

12  information in a timely manner without motion practice.  *See* Civil L. R. 6-3(a)(2).

13        On July 26, Plaintiffs called counsel for Star to request dates to depose Ms.

14  Sawicki, and also the production of the data referenced in her declaration.  Glackin Decl., ¶5.  On

15  July 29, 2010, Mr. Adam Hudes, counsel for Star, stated that Star would not even consider

16  discussing dates for the deposition of Ms. Sawicki unless plaintiffs agreed they would not oppose

17  the summary judgment motion on the basis of Rule 56(f).  *Id.*, ¶6, 7, Ex. B.  Similarly, absent

18  such an agreement Star was not inclined to produce any of the data relied on by Ms. Sawicki.  *Id.*

19  Plaintiffs then noticed Ms. Sawicki's deposition for August 13, 2010 and served the document

20  requests.  Glackin Decl., Ex. A.

21        On August 2, 2010, Plaintiffs contacted Star once again in an attempt to confer

22  about Plaintiffs' discovery requests.  Glackin Decl., ¶8, Ex. C.  In the course of that conversation,

23  counsel for Star stated that he viewed the deposition notice as invalid because Plaintiffs had

24  exceeded the presumptive ten-deposition limit of Rule 30, and stated Star would not produce Ms.

25  Sawicki on the noticed date and time.  *Id.* Ex. C.  Plaintiffs proposed a briefing schedule to

26  resolve this issue on an expedited basis.  *Id.*  Star rejected expedited briefing.  *Id.* Ex. D.

27

28

**C.  Both Plaintiffs and Defendants Have Stipulated to Prior Extensions of Time to Brief the Pending Summary Judgment Motion.**

Pursuant to Civil L. R. 6-3(a)(5), previous relevant time modifications are as follows:

- On June 30, 2010, the Court granted Defendants an extension for filing the motion until July 23, 2010.  Dkt. No. 662.
- On July 26, 2010, Plaintiffs requested a stipulation extending by two weeks Plaintiffs' deadline for filing their response, in order, among other things, to take discovery in response to the Sawicki Declaration.  Glackin Decl., ¶5.  Defendants, including Star, agreed to the stipulation on July 28, 2010, Dkt. No. 683, and the Court entered it on July 29, 2010.  Dkt. No. 684.

**D.  Plaintiffs Would Be Substantially Prejudiced If Prevented From Evaluating The Evidence On Which Star Has Based Its Motion For Summary Judgment.**

Plaintiffs face "substantial harm or prejudice . . if the Court [does] not change the time" for Star to respond to the Motion.  Civil L. R. 6-3(a)(3).  Under Federal Rule of Civil Procedure 56, the Court must determine whether there exists a "genuine issue as to any material fact."  Fed. R. Civ. P. 56(c)(2).  Without a prior opportunity to examine Ms. Sawicki on the foundation, accuracy, and context of the "facts" she asserts, Plaintiffs cannot fully oppose Defendants' motion for summary judgment. Adhering to the standard briefing schedule would guarantee this result.

Shortening Star's time to respond will not prejudice Star because Star has already told Plaintiffs its reasons for refusing to produce Ms. Sawicki for deposition.  None of those "reasons" raises any complex questions of law or fact.

**E.  The Requested Shortening Of Time Would be Efficient.**

Because Plaintiffs need Ms. Sawicki's deposition to fully respond to defendants' motion by August 20, 2010, failing to shorten time will potentially lead to further delays and supplemental briefing.  Civil L. R. 6-3(a)(6) (effect of shortening time).

### III. CONCLUSION

Star is attempting to rely on Sawicki's declaration to obtain judgment against Plaintiffs while using the purported "clear protocols" of the Federal Rules to effectively preclude her deposition. Glackin Decl., Ex. D. Star ignores the fact that the Local Rules expressly allow the Court to prevent this variety of gamesmanship by permitting matters to be heard on shortened time. Because Star refuses to cooperate on an expedited briefing schedule, there is good cause to shorten the time for a hearing on Plaintiffs' motion to compel Ms. Sawicki's deposition.

Date:   August 6, 2010

Respectfully submitted,

By: _____ */s/ Brendan P. Glackin* _____

Joseph R. Saveri (SBN 130064)
Brendan P. Glackin (SBN 199643)
Andrew S. Kingsdale (SBN 255669)
LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000

Merrill G. Davidoff (Admitted *Pro Hac Vice*)
Bart D. Cohen (Admitted *Pro Hac Vice*)
Michael J. Kane (Admitted *Pro Hac Vice*)
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
Telephone: (215) 875-3000

*Co-Lead Counsel for Plaintiffs*