United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE ATM FEE ANTITRUST LITIGATION, _____/ | No. C 04-02676 CRB<br><br>**ORDER (1) VACATING HEARING; (2) DENYING MOTION TO VACATE JUDGMENT; AND (3) GRANTING MOTION FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE OF PLAINTIFFS' PRAYER FOR EQUITABLE RELIEF** |

  Now pending before the Court are two Motions filed by Plaintiffs. The first is a Motion to Vacate Judgment, in which Plaintiffs argue that the Court's September 16, 2010 Order Granting Defendants' Motion for Summary Judgment constituted clear error under Illinois Brick Co. v. Illinois, 431 U.S. 720 (1977). See dckt. no. 738. In the alternative, Plaintiffs have filed a Motion for Voluntary Dismissal Without Prejudice of Plaintiffs' Prayer for Equitable Relief. See dckt. no. 742. Defendants oppose the first but not the second Motion. See dckt. no. 746.

  Plaintiffs' Motion to Vacate does not present new evidence or raise an intervening change in the law; it argues instead that the motion is "necessary to correct manifest errors of law or fact upon which the judgment is based." Mot. at 2. The Motion argues that the Court's determination that Plaintiffs are indirect purchasers because they do not pay the allegedly fixed interchange fee was in error. Mot. at 2-3. It asserts that because Plaintiffs

paid foreign ATM fees (fees that they allege were "inflated by Defendants' concerted anticompetitive conduct") to conspirators, Illinois Brick does not bar their recovery. Id. at 5-10. But the Court addressed this argument, explaining that the co-conspirator exception did not apply to Plaintiffs' claims because those claims expressly depended on pass-on damages. See Order at 8-11 (distinguishing Royal Printing Co. v. Kimberly Clark Corp., 621 F.2d 323 (9th Cir. 1980) and Freeman v. San Diego Ass'n of Realtors, 322 F.3d 1133 (9th Cir. 2003)). The Court also already considered and rejected the argument that there was no realistic possibility that the direct purchasers of the interchange fees would ever sue to challenge unlawful fixing of those fees. See Order at 11-16.

        Plaintiffs' additional argument, that they have been cheated because the Court previously held that "[b]y alleging that Plaintiffs are purchasing directly from the price-fixing conspirators, Plaintiffs may sustain a claim for damages under the Sherman Act," is also unavailing. See Mot. at 3-4. First, the Court made that holding in the context of a motion to dismiss, and therefore only held that such allegations were sufficient. See dckt. no. 621 at 10. The Court was free to determine, at summary judgment, that the facts did not support those allegations. Second, despite Plaintiffs' protestations that they thought that issue was not in dispute and so "did not fully brief that issue again," see Mot. at 4, that issue was squarely before the Court and the parties at summary judgment. The first Argument section of Plaintiffs' brief opposing summary judgment was entitled "Illinois Brick Does Not Apply to Claims by Direct Purchasers from Parties to a Price-Fixing Agreement," see dckt. no. 699 at 4, and the Court issued an Order in June 2010 specifically directing the parties to brief "the limited issue of whether Plaintiffs lack standing to bring an antitrust claim for damages under the rule set forth in Illinois Brick," see dckt. no. 658.

        This issue was carefully considered by the Court, and addressed in the Order. Plaintiffs' disagreement with the Court's conclusion does not necessitate the granting of their Motion to Vacate. See Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000) (Rule 59(e) is an "extraordinary remedy, to be used sparingly"). Accordingly, the Court VACATES the motion hearing currently on calendar for Friday, December 3, 2010,

1 and DENIES the Motion to Vacate. As Defendants do not oppose the Motion for Voluntary
2 Withdrawal of the injunctive relief claim, and such withdrawal renders the judgment final
3 and thus ripe for appeal, the Court GRANTS that Motion.

**IT IS SO ORDERED.**

Dated: November 29, 2010

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE